OPINION
{¶ 1} Defendant-Appellant Leroy Collins appeals from his convictions and sentence for two counts of felonious assault.
 I {¶ 2} On March 14, 2003 Collins was an overnight guest at the apartment of Jennifer Rippey, a woman that he had met about two weeks earlier. During the early morning hours Collins emerged from the bathroom and grabbed Rippey by the neck, picking her up from the floor and said, "I'm going to kill you, bitch." Collins apparently believed that Rippey had stolen a large sum of money and crack cocaine from him. He kept asking Rippey where "it" was and threatening her life. Rippey did not know what "it" was or why Collins attacked her. Collins grabbed a pair of scissors from the living room coffee table and began stabbing Rippey, inflicting numerous wounds on her face, shoulder, breast, and arms. One of her lungs partially collapsed from a stab wound. Collins continued the attack until he was interrupted by a knock on the door by a neighbor. Collins dropped the scissors and ran out the back door. The neighbor brought Rippey to his apartment and waited for paramedics to arrive.
 {¶ 3} Both Collins and Rippey are drug users, but Rippey denied using drugs on the morning of the attack. Police found a broken crack pipe in the bathroom. Rippey stated that the crack pipe was not hers and that she had not seen it when she used the bathroom before Collins.
 {¶ 4} Collins was arrested that day, and a Montgomery County Grand Jury indicted him on two counts of felonious assault. A jury found Collins guilty as charged, and the trial court ordered him to serve concurrent eight-year prison terms and to forfeit $1,320.00 seized at the time of his arrest as payment toward restitution. Collins appeals.
 II {¶ 5} Collins' first assignment of error:
 {¶ 6} "The trial court erred and violated Defendant's State and Federal constitutional rights when it convicted and/or sentenced Defendant for two separate crimes that arose out of the same single course of conduct, which actions were allied offenses of similar import."
 {¶ 7} Collins contends that because his two counts of felonious assault were allied offenses of similar import under R.C. § 2941.25, he should not have been convicted of and sentenced for both crimes. We disagree.
 {¶ 8} "In Ohio, R.C. 2941.25 is the basis for determining whether cumulative punishments imposed in a single trial for more than one offense arising out of the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. State v. Rance, 85 Ohio St.3d 632, * * *, 1999-Ohio-291. The statute manifests the General Assembly's intent to permit cumulative punishments for the same conduct in appropriate cases. Id." State v. Brown, Montgomery App. No. 19113, 2002-Ohio-6370.
 {¶ 9} Revised Code Section 2941.25 provides: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} Two crimes are allied offenses of similar import when the elements of the crimes, compared in the abstract, correspond to such a degree that the commission of one crime will result necessarily result in the commission of the other crime. Rance,
supra, at 636-39, citations omitted. If the elements do so correspond, the defendant may only be convicted of both crimes if he committed the two crimes separately or with a separate animus. Id. at 638-39. If not, the offenses are of dissimilar import, and multiple convictions are permitted. Id. at 636, citations omitted.
 {¶ 12} Collins was charged with and convicted of two counts of felonious assault, one under R.C. § 2903.11(A)(1), which is committed by knowingly causing serious physical harm to another, and one under R.C. § 2903.11(A)(2), which is committed by knowingly causing or attempting to cause physical harm to another by means of a deadly weapon. Thus, a conviction under R.C. §2903.11(A)(1) requires that the defendant cause serious physical harm, while a conviction under R.C. § 2903.11(A)(2) requires that the defendant cause or attempt to cause any degree of physical harm. Furthermore, the use of a deadly weapon is an element of R.C. § 2903.11(A)(2), but not of R.C. § 2903.11(A)(1). Accordingly, this Court has held that an abstract comparison of these crimes shows that the elements of these offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other. State v. Powell (Dec. 15, 2000), Montgomery App. No. 18095. See, also, State v. Coach
(May 5, 2000), Hamilton App. No. C9-90349.
 {¶ 13} Because convictions for felonious assault under R.C. §2903.11(A)(1) and R.C. § 2903.11(A)(2) are not allied offenses of similar import, Collins' first assignment of error must be overruled.
 III {¶ 14} Collins' second assignment of error:
 {¶ 15} "The trial court erred and denied Defendant his state and federal constitutional due process rights when it ordered the forfeiture of Defendant's personal money and payment of same to the alleged victim without notice and a forfeiture hearing and without requiring any proof or documentation of alleged qualified economic restitution damages."
 {¶ 16} In his second assignment of error, Collins insists that the trial court violated his due process rights by ordering that $1,320 seized from him upon arrest be paid to Rippey as part of an order of restitution. In support, Collins insists that the money was forfeited without notice and an opportunity to be heard and without evidence of actual economic damages suffered by Rippey. We find that although Collins had ample opportunity to be heard on the forfeiture issue at his sentencing hearing, there was no evidence before the court to support a specific amount of restitution to be ordered. Thus, Collins' second assignment of error must be sustained.
 {¶ 17} The trial court stated at the sentencing hearing that "I think there was $15,000 in medical bills also involved." However, there is nothing in the record to support this conclusion. Moreover, there is no indication as to whether Rippey carried insurance that may have paid the bills, requiring restitution for those bills to be paid to the insurer rather than to Rippey. It is significant in this regard that no specific order of restitution was made in the termination entry.
 {¶ 18} Because we agree that the State failed to offer evidence of economic damages suffered by Rippey, we must sustain Collins' second assignment of error and remand this matter to the trial court for hearing.
 IV {¶ 19} Collins' third assignment of error:
 {¶ 20} "The trial court erred, violated Defendant's constitutional rights and imposed a sentence greater than that permitted by law when it failed to credit Defendant with 292 days of jail time served."
 {¶ 21} Collins argues that the trial court failed to properly credit him with 292 days of jail time served. However, as the State points out in its brief, the trial court has corrected this oversight during the pendency of this appeal. Therefore, Collins' third assignment of error is now moot.
 V {¶ 22} Collins' fourth assignment of error:
 {¶ 23} "The trial court erred, violated Defendant's constitutional rights and failed to comply with the Ohio felony sentencing guidelines when it imposed a fine and court costs beyond the indigent defendant's means to pay."
 {¶ 24} Here Collins insists that the trial court erred in imposing a fine because he is indigent. It is well-established that a trial court speaks only through its journal entries. See, e.g., State ex rel. Geauga Cty. Bd. Of Commrs. v. Mulligan,100 Ohio St.3d 366, 2003-Ohio-6608, at ¶ 20, citation omitted. Although the trial court stated its intention to impose a fine at the time of the sentencing hearing, no fine was specified in the termination entry. Therefore, no fine was actually imposed, and Collins' fourth assignment of error is moot.
 VI {¶ 25} Collins' fifth assignment of error:
 {¶ 26} "The trial court erred and violated Defendant's constitutional rights when it imposed a bond beyond the indigent defendant's means to pay."
 {¶ 27} Collins next contends that the trial court violated his constitutional right against excessive bail when it ordered a $50,000 bond. However, the proper remedy to raise a claim of excessive bond is habeas corpus rather than a direct appeal. See, e.g., Chari v. Vore (2001), 91 Ohio St.3d 323, 325,744 N.E.2d 763, citation omitted. Thus, Collins' third assignment of error is moot and must be overruled.
 VII {¶ 28} Collins' sixth assignment of error:
 {¶ 29} "The trial court erred, violated Defendant's constitutional rights and failed to comply with the Ohio felony sentencing guidelines when it imposed the maximum sentence on both counts."
 {¶ 30} In his sixth assignment of error, Collins insists that he should not have been given maximum sentences. In support he offers three arguments: that he was erroneously sentenced on allied offenses of similar import; that his sentences were contrary to law; and that the trial court's determination that he had committed the worst form of the offense violated his right to a jury trial. After a review of the record, however, we find that Collins' sentences were lawful.
 {¶ 31} As we discussed in response to Collins' first assignment of error, his convictions were not allied offenses of similar import.
 {¶ 32} Collins primarily argues that the trial court failed to consider all of the proper factors in determining his sentence. Specifically, Collins alleges that the trial court failed to consider mitigating factors based on Rippey's behavior. R.C. § 2929.12(C). Rather than take responsibility for his own actions, Collins continues to blame Rippey. Clearly, the jury was not convinced by Collins' version of events. Moreover, the trial court was not required to accept Collins' story either. There is no reason to believe that the trial court abused its discretion in concluding that there were no mitigating factors. Thus, Collins' sentence was not contrary to law.
 {¶ 33} In support of his contention that the trial court's finding that he had committed the worst form of the offense violates his right to a jury trial, Collins relies upon Blakelyv. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. However, Collins has waived his right to argue this issue on appeal because he did not first raise it in the trial court. We have repeatedly declined to address Blakely arguments for the first time on appeal, and we continue to do so today. State v. Howard
(July 15, 2005), Montgomery App. No. 20575, citations omitted.
 {¶ 34} Accordingly, Collins' sixth assignment of error fails.
 VIII {¶ 35} Collins' seventh assignment of error:
 {¶ 36} "Defendant was denied his constitutional rights to due process, trial by an impartial jury, and effective assistance of counsel."
 {¶ 37} Collins argues that he was denied the effective assistance of trial counsel for several reasons. However, a careful review of the record reveals that Collins was not denied his constitutional right to the effective assistance of counsel.
 {¶ 38} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time.State v. Cook (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 39} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989),42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 40} Collins first maintains that during voir dire counsel improperly gave prospective jurors the impression that Collins had previously been convicted of felonious assault. When taken in context, however, this clearly is not the case.
 {¶ 41} Counsel stated, "There's going to be evidence presented that my client had a prior conviction. Because of that prior conviction, will anybody hold that against him as far as the elements of this case? Will they say that because you have done it before, or done something before, then he's got to have done this one? Can everybody agree we have to look at the facts just in this case and not to anything else? Everybody can understand that?" While counsel did say that Collins had "done it before," counsel also clarified by saying if Collins had "done something before." Thus, it appears that the point that counsel was intending to make was that regardless of what Collins' prior conviction was for, the jurors could not use the fact of that conviction to decide that he must also have committed the felonious assaults in this case. This was an effective means of lessening any impact when the jury later learned that Collins was on probation for a prior felony. Moreover, Collins' direct examination testimony reveals that counsel wanted the jury to know why Collins tried to hide his identity from police when they first encountered him. Thus, the jury was going to learn that Collins was on parole for aggravated arson when the felonious assaults against Rippey occurred. For these reasons, we do not believe that counsel's innocuous statement caused prospective jurors to believe that he had previously been convicted of felonious assault.
 {¶ 42} Next, Collins insists that counsel was ineffective for failing to raise the issue of Double Jeopardy in the trial court. However, as discussed fully under Collins' first assignment of error, the Double Jeopardy Clause was not violated when Collins was charged with and convicted of both counts of felonious assault. State v. Rance (1999), 85 Ohio St.3d 632, 634-35,710 N.E.2d 699. Counsel need not raise meritless claims.
 {¶ 43} Collins also claims that counsel was ineffective for failing to make use of a private investigator at the State's expense. Although the record shows that use of a private investigator was authorized, it does not show that no investigator was used. Perhaps the investigator simply failed to uncover information that might have been helpful to the defense. Moreover, Collins fails to show any prejudice to his defense in this regard.
 {¶ 44} Collins claims that his trial counsel was constitutionally ineffective for failing to object to his sentencing without the intervention of a jury in violation ofBlakely, supra. He has failed, however, to demonstrate that ineffectiveness because his trial counsel may have decided that the jury might be less sympathetic to him than the court in resolving the question of whether he committed the "worst form of the offense" in light of the egregious facts underlying the felonious assault offenses. Counsel may also have believed that the trial judge would be more inclined to impose concurrent sentences for the felonious assault offenses in light of the fact these offenses were technically not "allied offenses."
 {¶ 45} As for Collins' claim that counsel was ineffective in regards to the forfeiture order, we find that the argument is moot as the matter will be remanded to the trial court for hearing. Similarly, because the trial court has corrected the jail time credit, any claim that counsel was ineffective for failing to request an immediate correction is also moot.
 {¶ 46} Finally, Collins contends that counsel was ineffective for failing to request a bond reduction because he was indigent. While a defendant's financial status is one consideration for the trial court when setting bond, it is just one factor. See, e.g.,Goins v. Wellington (Dec. 18, 2001), Mahoning App. Nos. 01 CA 208 01 CA 210. The court must also consider the flight risk presented by the defendant and the danger he poses to the public. Id. In this case there was no reasonable likelihood that counsel could have prevailed if he had challenged the bond because Collins presented a flight risk and was a danger to the public. He was already on parole from a prison sentence for a prior felony. In fact, there was a detainer on Collins under the prior case number. There is no right to bond pending a parole revocation hearing. Wilson v. State (1995),101 Ohio App.3d 487, 491, 655 N.E.2d 1348.
 {¶ 47} For these reasons, a review of the complete record reveals that Collins was not denied his constitutional right to the effective assistance of trial counsel. Accordingly, Collins' seventh assignment of error must be overruled.
 IX {¶ 48} Collins' eighth assignment of error:
 {¶ 49} "The verdict was based upon insufficient evidence and/or contrary to the manifest weight of the evidence."
 {¶ 50} Finally, Collins purports to contest both the weight and sufficiency of the evidence. As we discussed at length inState v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563, two distinct standards apply to manifest weight and sufficiency of the evidence claims.
 {¶ 51} When reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 52} A review of the record reveals that the State presented sufficient evidence from Rippey to prove both counts of felonious assault. Rippey testified that Collins attacked her in her apartment for no apparent reason. He grabbed a pair of scissors from the coffee table and inflicted numerous stab wounds, and collapsing one of her lungs. Rippey's injuries required hospitalization and left several scars on her body. This evidence, when viewed in a light most favorable to the prosecution, allows a rational trier of fact to conclude that Collins violated both R.C. § 2903.11(A)(1) and R.C. §2903.11(A)(2).
 {¶ 53} Similarly, we cannot say that it is patently apparent that the factfinder clearly lost its way or that there was a manifest miscarriage of justice. It was up to the jury to determine the credibility of the witnesses. Accordingly, Collins' convictions were not against the manifest weight of the evidence, and we will not disturb the jury's verdict.
 {¶ 54} Collins' eighth assignment of error is without merit and is overruled.
 X {¶ 55} Having sustained Collins' second assignment of error, the judgment of the trial court is affirmed in part and reversed in part. This matter will be remanded to the trial court for a hearing on the order of restitution.
Brogan, P.J., and Wolff, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).