OPINION
{¶ 1} Defendant-appellant Leroy Collins appeals a decision of the Montgomery County Court of Common Pleas in which the trial court ordered Collins to pay restitution in the amount of $13,233.74, as well as ordering the forfeiture of $1,320.00 which was in Collins' possession at the time he was arrested. A hearing was held on this matter on February 9, 2006, and the trial court filed an amended termination *Page 2 
entry on March 8, 2006, setting the amount of restitution to be paid at $13,233.74 and ordering the $1,320.00 seized from Collins to be applied toward the outstanding balance. Collins filed a timely notice of appeal on March 8, 2006.
 I {¶ 2} We set forth the history of the case in State v. Collins (July 29, 2005), Montgomery App. No. 20287, 2005-Ohio-3875 (hereinafter"Collins I "), and repeat herein in pertinent part:
 {¶ 3} "On March 14, 2003 Collins was an overnight guest at the apartment of Jennifer Rippey, a woman that he had met about two weeks earlier. During the early morning hours Collins emerged from the bathroom and grabbed Rippey by the neck, picking her up from the floor and said, `I'm going to kill you, bitch.' Collins apparently believed that Rippey had stolen a large sum of money and crack cocaine from him. He kept asking Rippey where `it' was and threatening her life. Rippey did not know what `it' was or why Collins attacked her. Collins grabbed a pair of scissors from the living room coffee table and began stabbing Rippey, inflicting numerous wounds on her face, shoulder, breast, and arms. One of her lungs partially collapsed from a stab wound. Collins continued the attack until he was interrupted by a knock on the door by a neighbor. Collins dropped the scissors and ran out the back door. The neighbor brought Rippey to his apartment and waited for paramedics to arrive.
 {¶ 4} "Both Collins and Rippey are drug users, but Rippey denied using drugs on the morning of the attack. Police found a broken crack pipe in the bathroom. Rippey stated that the crack pipe was not hers and that she had not seen it when she used the bathroom before Collins.
 {¶ 5} "Collins was arrested that day, and a Montgomery County Grand Jury indicted him on two counts of felonious assault. A jury found Collins guilty as charged, and *Page 3 
the trial court ordered him to serve concurrent eight-year prison terms and to forfeit $1,320.00 seized at the time of his arrest as payment toward restitution. * * *"
 {¶ 6} In Collins I, the appellant advanced eight assignments of error. All of his assignments were overruled, except for the second in which argued that he was denied due process of law when the trial court ordered forfeiture of the $1,320.00 seized at the time of Collins' arrest. Collins contended that the trial court erred when it ordered the forfeiture of his personal money and payment of that money to the victim without a forfeiture hearing and without requiring any evidence of damages that would necessitate restitution to the victim. We sustained this assignment and found that the State failed to offer any evidence of economic damages suffered by the victim. We remanded the matter back to the trial court for a hearing to properly determine the amount of restitution to be paid by Collins.
 {¶ 7} On February 9, 2006, the trial court held a restitution hearing. Based on the testimony of an employee at the hospital where the victim was treated after the attack by Collins, the trial court found that the victim incurred approximately $13,233.74 in medical expenses when she was treated for the multiple stab wounds inflicted by Collins. The trial court further found that the $1,320.00 seized from Collins at the time of his arrest was subject to forfeiture so that it could be applied to the outstanding restitution balance.
 {¶ 8} It is from this judgment that Collins now appeals.
 II {¶ 9} Collins' sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED BY ORDERING RESTITUTION IN THE AMOUNT OF $13,233.74 AND ORDERING THE FORFEITURE OF APPELLANT'S *Page 4 
PROPERTY."
 {¶ 11} In his sole assignment, Collins contends that the trial court erred when it ordered restitution in the amount of $13,233.74, the amount of the victim's medical bills incurred as a result of the stabbing. Collins additionally argues that the trial court erred when it failed to require the State to file a forfeiture application before it ordered the forfeiture of the money seized from him at the time of his arrest.
 {¶ 12} An order of restitution must be supported by competent, credible evidence in the record. State v. Warner (1990),55 Ohio St.3d 31, 69, 564 N.E.2d 18. "It is well settled that there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Williams (1986),34 Ohio App.3d 33, 34, 516 N.E.2d 1270. "A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted." State v. Banks (Aug. 19, 2005), Montgomery App. No. 20711, 2005-Ohio-4488. "Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered." State v. Golar (October 31, 2003), Lake App. No. 2002-L-092, 2003-Ohio-5861.
 {¶ 13} A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. State v. Williams, 34 Ohio App.3d 33. Thus, we review the trial court's decision under an abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144. With respect to Collins' sole *Page 5 
assignment of error, we find no abuse of discretion.
 {¶ 14} Restitution is based upon the victim's economic loss. R.C.2929.18(A)(1) provides in pertinent part:
 {¶ 15} "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount."
 {¶ 16} In the instant case, the amount of restitution was disputed by Collins. The trial court conducted a hearing in order to determine the amount of restitution. At the hearing, an employee from the department of patient accounts at the hospital where the victim was treated testified that, based on the victim's certified medical records, the victim sustained injuries and incurred hospital expenses in the amount of $13,233.74 for injuries received on March 14, 2003, the same date she was attacked by Collins. The medical records establish that the victim was hospitalized from March 14, 2003, through March 18, 2003. Most importantly, however, the records indicate that the balance of the victim's medical bills had not been paid at the time of the restitution hearing held on February 9, *Page 6 
2006. One can conclude from the fact that the bill remained unpaid at the time of the hearing that the victim's insurance carrier, if she even had one at the time of the attack, did not pay for any portion of the hospital bill. After all, three years had passed since the attack occurred and the victim was treated. Thus, the State presented competent, credible evidence that established the amount of restitution to be $13,233.74 to a reasonable degree of certainty and properly ordered that the outstanding sum be paid to the victim.
 {¶ 17} Lastly, Collins asserts that the trial court erred when it failed to require the State to file a forfeiture application before it ordered the forfeiture of the money seized from him at the time of his arrest. Collins, however, is barred by the doctrine of res judicata from challenging the forfeiture of the $1,320.00 seized from him.
 {¶ 18} "A valid, final judgment rendered upon the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v.Parkman (1995), 73 Ohio St.3d 379, 653 N.E.2d 226. That doctrine is known as res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in a post-conviction relief proceeding any claimed lack of due process that was raised or could have been raised in a prior appeal from his conviction. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104." State v. White (February 19, 1999), Clark App. No. 98-CA-0061. The same argument applies to subsequent appeals, as well.
 {¶ 19} In Collins' first appeal, he argued that the trial court violated his right to due process by ordering that the $1,320.00 seized from him at the time of his arrest be forfeited and applied towards the payment of restitution to the victim. Collins asserted that money was ordered forfeited without notice, an opportunity to be heard, and without properly *Page 7 
documented economic damages. In Collins I, we addressed his forfeiture argument and found that "Collins had ample opportunity to be heard onthe forfeiture issue at his sentencing hearing." We remanded the matter only so the trial court could gather evidence regarding the amount of economic damages suffered by the victim. The remand was limited to that issue alone. Thus, Collins is barred from attempting to relitigate any issue involving the forfeiture in the instant appeal by the doctrine of res judicata, and the seized amount was properly forfeited and applied towards the outstanding sum of $13,233.74 established at the restitution hearing.
 {¶ 20} Collins' sole assignment of error is overruled.
 III {¶ 21} Collins' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
GRADY, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1