OPINION
{¶ 1} Defendant-Appellant Ronnie Carson, Jr. appeals from the dismissal of his petition for post-conviction relief. Because the trial court properly dismissed the petition as untimely and because the sentencing issue that he raises is barred by res judicata, the judgment of the trial court is Affirmed. *Page 2 
 I {¶ 2} In February, 2003, Carson was indicted on three counts of aggravated robbery and six counts of felonious assault. All counts carried firearm specifications. Carson pled guilty to two counts of aggravated robbery, three counts of felonious assault, and the six attending firearm specifications. In exchange, the remaining charges were dismissed, and the parties agreed to a sentence of no less than ten years nor more than twenty-five years. The trial court sentenced Carson to a total prison term of twenty-four years. Carson appealed, and in October of 2004, we affirmed his convictions and sentence. State v.Carson, Montgomery App. No. 20285, 2004-Ohio-5809.
 {¶ 3} More than three years later, on December 24, 2007, Carson filed a petition for post-conviction relief, which the trial court dismissed as untimely. Carson appeals.
 II {¶ 4} Carson's First Assignment of Error:
 {¶ 5} "The trial court erred when it denied Appellant's post-conviction petition as being un-timely filed. In violation of O.R.C. 2953.23, and Appellant's 6th 14th
Amendment rights of the United States Constitution."
 {¶ 6} In his first assignment of error, Carson contends that the trial court should have accepted his untimely petition for post-conviction relief. However, because he failed to meet the requirements of R.C. § 2953.23(A)(1)(a) to justify the untimely filing, the trial court properly dismissed Carson's petition.
 {¶ 7} When a petitioner for post-conviction relief is also pursuing a direct *Page 3 
appeal of his conviction, his petition must be filed no later than 180 days after the trial transcript is filed in the court of appeals. R.C. 2953.21(A)(2). In Carson's direct appeal, the trial transcript was filed on February 23, 2004. However, Carson did not file his petition for post-conviction relief until three years and four months after the 180-day filing deadline. Failure to file on time negates the jurisdiction of the trial court to consider the petition, unless the untimeliness is excused under R.C. 2953.23(A)(1)(a). State v. Brewer(May 14, 1999), Montgomery App. No. 17201; State v. Ayers (Dec. 4, 1998), Montgomery App. No. 16851.
 {¶ 8} Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for post-conviction relief if he was unavoidably prevented from discovering the facts upon which he relies to present his claim or if the United States Supreme Court recognizes a new right that applies retroactively to his situation. If one of these conditions is met, the petitioner must then also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factf inder could have found him guilty. R.C. 2953.23(A)(1)(b).
 {¶ 9} Carson maintains that Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, establish a new right that applies retroactively to his situation. Specifically, Carson claims that he was entitled to minimum, concurrent sentences because he was a first-time offender, and because the indictment did not charge any sentence-enhancing facts, the jury did not find any sentence-enhancing facts, and he did not admit to any.
 {¶ 10} However, the cases upon which Carson relies do not meet the criteria to *Page 4 
confer jurisdiction on the trial court to consider his untimely petition. First, Blakely was decided two months prior to the deadline for Carson's filing of a timely petition for post-conviction relief. Second, Foster was decided by the Ohio Supreme Court, and not by the United States Supreme Court as required by R.C. 2953.23(A)(1) (a). Third, Booker establishes a rule of procedure that is not retroactively applicable to convictions such as Carson's, which occurred prior to theBooker ruling. See, e.g., State v. Jones, Miami App. No. 2005-CA-26, 2006-Ohio-2360, ¶ 18.
 {¶ 11} Because Carson failed to satisfy the requirements of R.C. 2953.23(A)(1)(a) for an untimely filing of a petition for post-conviction relief, his first assignment of error is overruled.
 III {¶ 12} Carson's Second Assignment of Error:
 {¶ 13} "Appellant's 6th 14th Amendment rights were violated when the trial court imposed three (3) three (3) year consecutive gun specs. The three (3), gun specs, Appellant received, also violated O.R.C. 2929.71(B)."
 {¶ 14} Carson asserts that the trial court erred in failing to merge his three, three-year sentences for the firearm specifications. In all probability, this argument is precluded by R.C. 2953.08(D), which provides that a "sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution on the case and is imposed by a sentencing judge." See, e.g., State v. Tillman, Huron App. No. H-02-004, 2004-Ohio-1967, ¶ 12, citations omitted.
 {¶ 15} Regardless, Carson failed to make this argument in his direct appeal. *Page 5 
Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in a post-conviction relief proceeding any claimed lack of due process that was raised or could have been raised in a prior appeal from his conviction." State v. Collins, Montgomery App. Nos. 21510 and 21689, 2007-Ohio-5365, ¶ 18. Accordingly, Carson's second assignment of error is overruled.
 IV {¶ 16} Having overruled both of Carson's assignments of error, we Affirm the judgment of the trial court.
DONOVAN, P.J. and GRADY, J., concur. *Page 1