[Cite as *State v. McDonald*, 2011-Ohio-1964.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95651

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CASSANDRA MCDONALD

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART,
## MODIFIED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-536156

**BEFORE:**   Keough, J., Kilbane A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**  April 21, 2011

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
1370 Ontario Street
Standard Building
Suite 2000
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:  Marcus L. Wainwright
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.  Defendant-appellant, Cassandra McDonald ("McDonald"), appeals her guilty plea and sentence.   Finding some merit to the appeal, we affirm in part and modify her sentence, in part.

{¶ 2} In April 2009, McDonald was charged with one count each of burglary, passing bad checks, aggravated menacing, and criminal damaging. In June 2010, she pled guilty to passing bad checks and aggravated

menacing; all other charges were dismissed. She was sentenced to one year in prison and was ordered to pay $6,900 in restitution. McDonald appeals, raising two assignments of error.

## Plea

**{¶ 3}** In her first assignment of error, McDonald contends that she was deprived of her constitutional rights when the court accepted her guilty plea without fully informing her of the consequences of her plea.

**{¶ 4}** Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that she is waiving her constitutional rights to a jury trial, to confront the witnesses against her, to call witnesses in her favor, and to require the state to prove her guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against herself.

**{¶ 5}** A trial court must strictly comply with the mandates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights she is waiving

and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶27.

**{¶ 6}** McDonald argues on appeal that the trial court failed to inform her that she enjoyed the presumption of innocence and she could choose to have her case tried to the court, rather than to a jury. By failing to advise her accordingly, McDonald contends that the trial court did not strictly comply with the requirements of Crim.R. 11(C)(2). We disagree.

**{¶ 7}** This court has held that Crim.R. 11 does not require the trial court to advise an offender she is presumed innocent, but that the offender, by her plea, is waiving the right to "'require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.'" *State v. King* (Sept. 14, 2000), Cuyahoga App. No. 76696, quoting Crim.R. 11(C)(2)(c).

**{¶ 8}** Additionally, although Crim.R. 11 requires a trial court to inform a defendant of the right to a jury trial, there is no requirement that it is likewise required to inform a defendant of the right to a bench trial. See *State v. Steele*, Cuyahoga App. No. 85901, 2005-Ohio-5541; *State v. Luster* (June 20, 1985), Cuyahoga App. No. 49248.

**{¶ 9}** Reviewing the entire plea colloquy, we find that prior to accepting McDonald's plea, the trial court strictly complied with the requirements of Crim.R. 11(C)(2). The trial court stated:

{¶ 10} "Okay. You have the following rights which you'll be waiving: You have the right to a jury trial in this case. At your jury trial you have the right to confront and cross-examine the State's witnesses against you, you may do that through your attorney. You have the right to use this Court's compulsory process power for subpoena and to bring into court your own witnesses and have them testify on your behalf. You do not have to take the witness stand and testify at your trial. If you choose not to testify, the State cannot use your silence against you. And lastly, the State has the burden of proof, they must prove the charges against you to the legal standard of beyond a reasonable doubt. Do you understand those rights?

{¶ 11} "Defendant: Yes, sir."

{¶ 12} Accordingly, McDonald's arguments are without merit and her first assignment of error is overruled.

## Restitution Order

{¶ 13} McDonald contends in her second assignment of error that the trial abused its discretion in ordering her to pay restitution to the victim for damages which were not caused by the offense and were arbitrary when compared to the actual loss suffered. The State concedes this error and the proper amount of restitution to be $1,800.

{¶ 14} Appellate review of a lower court's order of restitution is under an abuse of discretion standard. *State v. Berman*, Cuyahoga App. No. 79542,

2002-Ohio-1277, citing *State v. Marbury* (1995), 104 Ohio App.3d 179, 661 N.E.2d 271.

{¶ 15} When a defendant is ordered to pay restitution during sentencing, there "must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270. When a court imposes restitution as part of a felony offender's sentence, it must be "based on the victim's economic loss." R.C. 2929.18(A)(1).

{¶ 16} An order of restitution is therefore "limited to the actual damage or loss caused by the offense of which the defendant is convicted." *Williams* at paragraph one of the syllabus. The amounts claimed lost by a victim must be established with certainty. Id. "Where evidence of actual losses is not forthcoming from those claiming restitution the trial court abuses its discretion in ordering restitution." *Marbury* at 181, citing *State v. Hansen* (Mar. 22, 1990), Cuyahoga App. No. 56778.

{¶ 17} R.C. 2929.18(A)(1) also requires the trial court to calculate the amount of restitution owed based on the economic loss to the victim resulting from the defendant's crime. A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted. *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18;

*State v. Hafer*, 144 Ohio App.3d 345, 348, 2001-Ohio-2412, 760 N.E.2d 56; *State v. Hooks* (2000), 135 Ohio App.3d 746, 748, 735 N.E.2d 523.

{¶ 18} A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense for which he was convicted. See *Williams* at 33-34; *Hooks* at 748.

{¶ 19} Here, the record demonstrates that at the time of the plea, the State represented to the trial court that restitution for the damage to the door was being requested in addition to $1,800 for the bad check. At sentencing, the trial court ordered McDonald to pay $6,900 in restitution, which represented the amount of the bad check and unpaid back rent.

{¶ 20} We find that the trial court abused its discretion in ordering restitution for the nonpayment of rent. McDonald was convicted of passing bad checks and aggravated menacing. The amount of restitution reasonably related to the actual loss suffered as a result of her convictions is $1,800, the amount of the bad check. The trial court was not authorized to order any restitution for nonpayment of rent. Morever, because the State dismissed the criminal damaging count, no restitution could be ordered for the damaged door.

**{¶ 21}** Accordingly, we sustain McDonald's second assignment of error and, pursuant to App.R. 12(B), this court modifies the trial court's award of restitution, reducing the amount to $1,800.

**{¶ 22}** Affirmed in part; sentence modified in part. Case remanded to the trial court with instructions to enter a judgment entry reflecting this court's decision modifying the restitution amount to $1,800.

It is ordered that appellant recover from appellee her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A. J., and
COLLEEN CONWAY COONEY, J., CONCUR