[Cite as *State v. Singleton*, 2012-Ohio-360.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   96853

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON SINGLETON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-546542

**BEFORE:**   Keough, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   February 2, 2012

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, LLC
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Norman Schroth
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113


KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Brandon Singleton ("Singleton"), appeals the trial court's acceptance of his guilty plea.   For the reasons that follow, we affirm.

{¶ 2}  In January 2011, Singleton was charged with one count of aggravated robbery, three counts of kidnapping, three counts of theft, and one count of having a weapon while under disability.   All counts contained one- and three-year firearm specifications, a notice of prior conviction, and a repeat violent offender specification. Singleton subsequently entered into a negotiated plea agreement where he pled guilty to

the charge of aggravated robbery and one count of kidnapping. In consideration, the State deleted all the specifications attendant to both counts and also nolled the remaining charges. The trial court sentenced Singleton to a total of six years in prison.

{¶ 3} Singleton appeals, contending in his sole assignment of error that the trial court did not comply with Crim.R. 11 and therefore, his plea was not made knowingly, intelligently, and voluntarily.

{¶ 4} Under Crim.R. 11(C)(2), before accepting a guilty plea in a felony matter, a trial court must personally address the defendant and (1) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty; (2) inform the defendant of and determine that the defendant understands the effect of the plea, and that the court may proceed with judgment after accepting the plea; and (3) inform the defendant and determine that the defendant understands that he is waiving his constitutional rights to a jury trial, to confront the witnesses against him, to call witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself.

{¶ 5} A trial court must strictly comply with the mandates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d

621, ¶ 27. Failure to fully advise a defendant of his Crim.R. 11(C)(2) rights renders a plea invalid. *Id*. at ¶ 29.

{¶ 6} In this case, Singleton argues that the trial court failed to strictly comply with the mandates of Crim.R. 11(C)(2) when it only advised him that the "State of Ohio has an obligation to prove each and every *element of your guilt* beyond a reasonable doubt." Singleton contends that the trial court was required to advise him that the State had the burden of proving every *element of the offense* beyond a reasonable doubt, and the use of the word "guilt" was confusing.

{¶ 7} The trial court, in informing Singleton of the State's burden of proof, stated:

Do you understand the State of Ohio has an obligation to prove each and every element of your guilt beyond a reasonable doubt? Further if this were to proceed to a trial, you are presumed absolutely innocent up until the State of Ohio proved those elements.

{¶ 8} Although the trial court did not use the exact language set forth in the Crim.R. 11(C), the Ohio Supreme Court, as well as this court, has held that strict compliance does not require the court to use the exact language of Crim.R. 11(C)(2)(c), and the court's failure to do so is not fatal to a defendant knowingly and voluntarily entering a plea of guilty. *Veney* at ¶ 38; *see also State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus; *State v. Burston*, 8th Dist. No. 93645, 2010-Ohio-5120, 2010 WL 4136981, ¶ 6. The proper inquiry is "whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *Ballard* at 480. We find that the trial court adequately explained Singleton's right to have the State prove his guilt beyond a reasonable doubt

and that Singleton was presumed innocent until the State proved his guilt. When the trial court advised him of these rights, Singleton stated that he understood. We find nothing confusing in the trial court's advisement.

{¶ 9} Moreover, prior to engaging in the requisite Crim.R. 11 colloquy, Singleton's defense counsel affirmatively stated that he had explained the facts of the case and the possible consequences of pleading guilty to Singleton. Defense counsel also advised the court that Singleton was aware of the constitutional rights he would be waiving by deciding to enter into the plea agreement.

{¶ 10} Accordingly, we find that the trial court meaningfully informed Singleton of his right to have the State prove his guilt beyond a reasonable doubt. The totality of the circumstances reveals that the trial court strictly complied with Crim.R. 11(C)(2)(c) and Singleton's plea was made knowingly, intelligently, and voluntarily. The assigned error is therefore overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR