[Cite as *State v. Butler*, 2014-Ohio-2669.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    2013-CA-110 |
| | : | |
| v. | : | Trial Court Case No.   2013-CR-284 |
| | : | |
| MICHELLE BUTLER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : |  Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of June, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

DAWN S. GARRETT, Atty. Reg. No. 0055565, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Michelle Butler, appeals from the decision of the Clark County Court of Common Pleas ordering her to pay $1,500 in restitution after she pled guilty to passing a bad check. For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On April 22, 2013, Butler was indicted for one count of passing a bad check in violation of R.C. 2913.11(A), a felony of the fifth degree. Butler pled guilty to the charge and a restitution hearing was held on October 24, 2013. During the hearing, the trial court heard testimony from the complainant, Joseph Kelly, and Butler's former roommate and sublessor, Laura Orcutt. The following facts were elicited at the hearing.

{¶ 3} In February 2010, Kelly owned residential real property located at 2626 Cavins Drive, Springfield, Ohio, and leased it to Orcutt for $700 a month. In October 2012, Kelly was still leasing the property to Orcutt, and with Kelly's permission, Orcutt entered into a written sublease agreement with Butler. Butler, Orcutt, and Kelly each signed the sublease agreement which stated, in pertinent part, that Butler agreed to pay Orcutt $400 a month in rent. The payment arrangement involved Orcutt collecting rent from Butler and delivering it to Kelly along with Orcutt's own portion of the rent. This arrangement was not set forth in the sublease agreement.

{¶ 4} At the end of March 2013, Orcutt vacated the property and paid Kelly her portion of the rent in full. According to Orcutt, she did not collect Butler's rent after January 2013,

because it was her understanding that Kelly and Butler were discussing Butler purchasing the property. However, Orcutt testified that she had instructed Butler to pay Kelly in February.

{¶ 5} Kelly testified that Butler owed him $1,500 in rent for February, March and April 2013. Kelly also testified that he called and texted Butler numerous times requesting the overdue rent. On April 12, 2013, Butler issued a check written to Kelly in the amount of $1,500. Yet, when Kelly attempted to deposit the check, it was declined for insufficient funds, which led to the charge in this case.

{¶ 6} Following her guilty plea, on November 20, 2013, the trial court sentenced Butler to two years of community control sanctions. In addition, the trial court ordered Butler to pay restitution to Kelly in the amount of $1,500, to complete her mental health treatment at Springfield Psychiatric Associates, and to pay court costs. Butler now appeals from the trial court's decision ordering her to pay Kelly $1,500 in restitution, raising one assignment of error for review.

## Assignment of Error No. I

{¶ 7} Butler's sole assignment of error is as follows:

THE COURT ERRED, VIOLATED DEFENDANT'S CONSTITUTIONAL DUE PROCESS RIGHTS, AND ABUSED ITS DISCRETION WHEN IT ORDERED DEFENDANT TO PAY MR. KELLY $1,500 IN RESTITUTION.

{¶ 8} Under her single assignment of error, Butler contends that the trial court abused its discretion in ordering her to pay Kelly $1,500 in restitution. Butler maintains that Kelly is not a victim entitled to restitution, because Butler was not

contractually obligated to pay Kelly monthly rent, and therefore, he suffered no economic loss as a result of the bad check.

{¶ 9} Under R.C. 2929.18(A)(1), a trial court is authorized to order a defendant convicted of a felony offense to pay restitution to the victim of the offense for the amount of economic loss the victim suffered as a result. We review an order of restitution under an abuse of discretion standard. *State v. Collins*, 2d Dist. Montgomery Nos. 21510 and 21689, 2007-Ohio-5365, ¶ 13. "A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered." *Id*., citing *State v. Williams*, 34 Ohio App.3d 33, 35, 516 N.E.2d 1270 (2d Dist.1986). Therefore, " '[a] sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.' " *Id*. at ¶ 12, quoting *State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶ 5.

{¶ 10} In *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, we addressed who is considered a "victim" for purposes of ordering restitution and noted that:

R.C. 2930.01(H)(1) defines a victim as a "person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that charges the commission of a crime and provides the basis for the criminal prosecution * * * and subsequent proceedings to which this chapter makes reference." R.C. 2743.51 defines a victim as "a person who suffers personal injury or death as a result of * * * [c]riminally injurious conduct." Black's Law Dictionary [(6th Ed.1990)] defines "victim" in part as the "person who is the object of a crime or tort, as the victim of a robbery is the person robbed."

*Johnson* at ¶ 10.

**{¶ 11}** We note that whether Butler was required to pay Kelly $1,500 under the sublease agreement is not at issue, as the fact remains that Butler wrote the check to Kelly, thereby establishing her belief that she had an obligation to pay him. Rather, what is at issue is whether Kelly suffered an economic loss as a result of Butler passing him the bad check, and whether that loss bears a reasonable relationship to the trial court's restitution order.

**{¶ 12}** In this case, it is undisputed that Butler passed a bad check to Kelly for $1,500. Since Kelly is the person to whom Butler gave the bad check, Kelly is the victim of the offense, as he was the object of the crime. *See State v. Valentine*, 12th Dist. Butler No. 87-07-091, 1988 WL 75355, *3 (July 18, 1988) ("under normal circumstances [of passing a bad check], the offender gives the victim a check or other negotiable instrument in exchange for receiving something of value").

**{¶ 13}** As a result of Butler passing the bad check, Kelly was unable to obtain the funds from the check, thereby causing him to suffer an economic loss of $1,500. The trial court ordered Butler to pay Kelly that sum in restitution. In turn, the restitution order bears a reasonable relationship to the actual loss suffered. *See State v. McDonald*, 8th Dist. Cuyahoga No. 95651, 2011-Ohio-1964, ¶ 20 (finding that a restitution award in the amount of the bad check given to the victim is reasonably related to the loss suffered from passing the bad check). Accordingly, we do not find that the trial court abused its discretion in ordering Butler to pay Kelly $1,500 in restitution.

**{¶ 14}** Butler's sole assignment of error is overruled.

## Conclusion

**{¶ 15}** Having overruled Butler's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Dawn S. Garrett
Hon. Douglas M. Rastatter