[Cite as *State v. Johnson*, 2025-Ohio-5513.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                           :

CLARENCE JOHNSON,                       :

    Defendant-Appellant.         :

No. 114874

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-687441-A and CR-23-687484-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Melissa Riley, Assistant Prosecuting
Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, Jaye M. Schlachet,
and Eric M. Levy, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Defendant-appellant Clarence Johnson ("Johnson") appeals from a judgment of the Cuyahoga County Court of Common Pleas convicting him of two counts of sexual battery and two counts of abduction, following his guilty plea to the

charges. On appeal, Johnson argues that the trial court erred in accepting his guilty plea because it was not entered knowingly, voluntarily, and intelligently. For the reasons that follow, we affirm Johnson's convictions.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  Johnson was indicted by a Cuyahoga County Grand Jury in two separate cases involving two separate victims. In Cuyahoga C.P. No. CR-23-687484-A, Johnson was indicted on three counts of rape, three counts of sexual battery, and one count of kidnapping, which would later be amended to one count of abduction. In Cuyahoga C.P. No. CR-23-687441-A, Johnson was indicted on one count of kidnapping, one count of abduction, one count of menacing by stalking, and two counts of having weapons while under disability.

{¶ 3}  On November 7, 2024, Johnson withdrew his plea of not guilty to the charges and entered a negotiated plea in which he pleaded guilty to the abduction charge and both sexual battery charges contained in CR-23-687484-A, as well as the abduction charge contained in CR-23-687441-A, in exchange for the dismissal of the remaining charges in both cases.

{¶ 4}  Following his guilty plea, Johnson was sentenced to 18 months in prison for abduction in CR-23-687441-A, 36 months for abduction in CR-23-687484-A, and 42 months for each count of sexual battery in CR-23-687484-A. The trial court ordered that the prison terms be served concurrently, for a total of 42 months of incarceration.

{¶ 5} On appeal, Johnson raises the following single assignment of error: "The trial court failed to comply with Crim.R. 11 in accepting appellant's guilty pleas which were not entered knowingly, intelligently, and voluntarily."

## II. LAW AND ANALYSIS

{¶ 6} Johnson raises two arguments under his single assignment of error. First, he contends that the trial court erred in accepting his guilty pleas in violation of Crim.R. 11 because his pleas were not entered into knowingly, voluntarily, and intelligently. In support of this claim, Johnson notes that during the Crim.R. 11 colloquy he asked the court what the phrase "presumed innocent" meant, but the court did not answer his question. Second, Johnson argues that he maintained his innocence with regard to the crimes charged in CR-23-687441-A and that, as a result, his plea to the abduction charge in that case should have been treated as an *Alford* plea, requiring the court to follow specific procedural safeguards before accepting it. We are not persuaded by either of Johnson's arguments.

### A. Crim.R. 11 Compliance

{¶ 7} Since a guilty plea involves the waiver of constitutional rights, the decision to enter the plea must be knowing, intelligent, and voluntary. *See State v. Dangler*, 2020-Ohio-2765, ¶ 10. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.*

{¶ 8} Crim.R. 11 "outlines the procedures that trial courts are to follow when accepting pleas." *Id.* at ¶ 11. The rule "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the

consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). As part of the Crim.R. 11 plea colloquy, the trial court must inform the defendant of the constitutional rights he is waiving by pleading guilty. These rights, which are set forth in Crim.R. 11(A)(2)(c), are "the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt." *Id.* at ¶ 14. When a court fails to adequately inform a defendant of these constitutional rights, it is presumed that the defendant did not enter the plea knowingly, intelligently, and voluntarily. *Id.*

{¶ 9} A trial court complies with Crim.R. 11(C)(2)(c) when it "orally advises the defendant in a manner reasonably intelligible to the defendant that the plea waives the rights enumerated in the rule." *State v. Miller*, 2020-Ohio-1420, ¶ 22. It is important to note, however, that "a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *State v. Veney*, 2008-Ohio-5200, ¶ 8. With this in mind, in reviewing a trial court's Crim.R. 11 colloquy to ensure that a defendant's plea is knowing and voluntary, appellate courts focus on "whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *Dangler* at ¶ 12, citing *Veney* at ¶ 15-16; *State v. Clark*, 2008-Ohio-3748, ¶ 26; *Miller* at ¶ 19. In reviewing a plea's

compliance with Crim.R. 11(C), appellate courts apply a de novo standard of review. *See State v. Lebron*, 2020-Ohio-1507, ¶ 9 (8th Dist.).

{¶ 10} In this case, immediately after the trial court began the Crim.R. 11 colloquy the following exchange took place:

Court:  Do you understand that you are presumed innocent, and that by entering a plea of guilty to the amended indictment in each case that you admit to the truth of those facts and your full guilt?

Johnson:  I understand.

Court:  Do you understand that you have a right to a trial; your choice of a —

Johnson:  The fact that —

Court:  Pardon?

Johnson:  Just because I don't like not asking when I have something on my mind, I just wanted you to define something.

Court:  I'm sorry, I can't hear you.

Johnson:  Just because I don't like not speaking my mind, could you define presumed innocent, please?  What that means?

Court:  Well, I'm asking you a series of questions, you know, and your opportunity to speak your mind is not —

Johnson:  No, I'm just saying I don't totally understand that.  That's why I —

Court:  Pardon me?

Defendant:  Nothing, your Honor.  Please continue.

Court:  Are you having a problem here with this?

Defendant:  No, sir.

Court:  Alright.  Are you having a problem understanding my questions?

Defendant: Just the point I referenced, but I'm okay now.

**{¶ 11}** Although it appears the trial court did not understand Johnson's request for clarification, and that the trial court did not answer Johnson's question regarding the meaning of "presumed innocent," we conclude that, under the totality of the circumstances it is evident that Johnson understood the consequences of his plea and the rights he was waiving.

**{¶ 12}** To begin, when the court asked Johnson for clarification about what Johnson did not understand, Johnson abandoned his question altogether stating that he was "okay now," indicating that the trial court could move on. The trial court then immediately engaged Johnson as follows:

> Court: All right. Do you understand that you have the right to a trial, your choice of either a jury trial or to the Court, at which time the State must prove your guilt and you're giving up this right?
>
> Defendant: Yes, Sir.
>
> Court: Do you understand that you have the right to have the State prove you guilty beyond a reasonable doubt at a trial of your case and that you are giving up that right in both cases?
>
> Defendant: Yes, sir.

Importantly, Crim.R. 11 does not require the trial court to advise a defendant that he is presumed innocent. *See State v. McDonald*, 2011-Ohio-1964, ¶ 7 (8th Dist.). Instead, the rule requires that the defendant be informed that the State must prove his guilt beyond a reasonable doubt. Although references to the "presumption of innocence" may help explain the State's burden in this regard, such language is not

required under Crim.R. 11 and is not necessary for a defendant to understand the State's obligation to establish guilt by the highest standard of proof.

{¶ 13} Here, the court informed Johnson that the State bore the burden of proving his guilt and that the burden was proof beyond a reasonable doubt. Johnson stated that he understood this advisement and he did not ask any follow-up questions. Based on the full exchange between the trial court and Johnson, we conclude that the court complied with Crim.R. 11's requirement to inform Johnson of the State's burden of establishing guilt beyond a reasonable doubt. The court's compliance with Crim.R. 11, combined with Johnson's lack of confusion or inquiry regarding the burden of proof, leads us to determine that under the totality of the circumstances Johnson's plea was knowingly, voluntarily, and intelligently made. Our finding is further supported by the fact that prior to engaging Johnson in the Crim.R. 11 colloquy, the trial court addressed Johnson's counsel and asked if he had discussed Johnson's constitutional rights with him. Defense counsel confirmed that he had advised Johnson of his rights and stated that Johnson "waive[s] them knowingly, voluntarily and intelligently of his own free will." *See State v. Singleton,* 2012-Ohio-360, ¶ 9 (8th Dist.) (noting that defense counsel's acknowledgment that a defendant has been informed of constitutional rights and is waiving them is a relevant factor in determining whether a plea is knowing, voluntary, and intelligent). Accordingly, we find no merit to Johnson's argument that his plea was not knowingly, voluntarily, and intelligently made because of the court's failure to answer his question with regard to the presumption of innocence.

**B. *Alford* Plea**

{¶ 14} Johnson further contends that the court erred in accepting his plea because he maintained that he was innocent as to the charges contained in CR-23-687441-A. Accordingly, Johnson argues that the court should have followed the procedures for accepting an *Alford* plea, which requires the court to examine the factual basis of the plea to reconcile the defendant's claim of innocence with his plea of guilty. *See State v. Johnson*, 2016-Ohio-2840, ¶ 27 (8th Dist.). We find no merit to this argument.

{¶ 15} In order for a valid *Alford* plea to take place, the defendant must protest innocence at the same time he enters his guilty plea. *See id*. Although Johnson, through counsel, asserted his innocence during an initial pretrial hearing, the transcript reflects that Johnson never asserted his innocence at the time he entered his guilty pleas.

## III. CONCLUSION

{¶ 16} For the foregoing reasons we overrule the appellant's single assignment of error challenging his guilty plea and affirm his convictions.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR