JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Sarah Nye ("Nye"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, M.G.K. of Ohio, Inc. ("MGK"). Finding no merit to the appeal, we affirm.
 {¶ 2} In June 2006, Nye filed a lawsuit against Mitchell Kutash ("Kutash") and MGK for damages she sustained as a result of Kutash's alleged breach of an oral contract. Nye, who had worked for Kutash since 1986, alleged that she entered into a "Partnership Investment Agreement" with Kutash in January 2000, in which she agreed to purchase 50 percent of MGK for $162,500.[1] Kutash incorporated MGK in 1989 in order to manage the Improv Comedy Club ("the Improv") in Cleveland. As the management company for the Improv, MGK is compensated by receiving 5 percent of the Improv's annual gross sales.
 {¶ 3} Instead of paying Kutash the purchase price, Nye alleged that she surrendered her income from 2.5 percent management fee (half of MGK's 5 percent management fee) until the $162,500 was paid in full.[2] Nye claimed that by October 2003, the full purchase price ($162,500) for her 50 percent ownership interest in MGK had been paid, but Kutash failed to give her the 50 percent share (the 2.5 percent management fee) of MGK's revenues.
 {¶ 4} Nye originally asserted claims for fraud in the inducement, breach of duty to act in good faith, breach of contract, retaliation and constructive discharge, *Page 4 
promissory estoppel, defamation, and intentional infliction of emotional distress. However, in August 2007, she filed a second amended complaint, in which she dismissed Kutash as a defendant and asserted claims for specific performance, promissory estoppel, and unjust enrichment.
 {¶ 5} MGK moved for summary judgment on all claims in November 2007. Nye filed her opposition in December 2007. In June 2008, the trial court granted MGK's motion, finding that: (1) the oral contract was not supported by consideration; (2) the oral contract is not barred by the statute of frauds; (3) the evidence does not support a claim of promissory estoppel; and (4) the evidence does not support a claim of unjust enrichment.
 {¶ 6} Nye appeals, raising one assignment of error arguing that the trial court erred in granting MGK summary judgment.
 Standard of Review {¶ 7} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Zemcik v.LaPine Truck Sales Equip. Co. (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860. The Ohio Supreme Court stated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows:
 "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick *Page 5 Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 The Contract {¶ 9} Nye does not challenge the trial court's rulings regarding the statute of frauds, promissory estoppel, or unjust enrichment. Rather, she argues that the trial court erred in finding that the alleged oral contract between Nye and MGK was not supported by consideration.
 {¶ 10} As the Ohio Supreme Court stated in Kostelnik v. Helper,96 Ohio St.3d 1, 3, 2002-Ohio-2985, 770 N.E.2d 58, "[a] contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of *Page 6 
object and of consideration." Quoting Perlmuter Printing Co. v. Strome,Inc. (N.D.Ohio 1976), 436 F.Supp. 409, 414.
 {¶ 11} "Consideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee." Lake Land Emp. Group of Akron,LLC v. Columber, 101 Ohio St.3d 242, 247, 2004-Ohio-786, 804 N.E.2d 27. (Internal citations omitted.)
 {¶ 12} Nye argues that she assumed a detriment as part of her agreement with MGK-she agreed to forego receipt from MGK of a 2.5 percent share of the Improv's gross sales until she reached the agreed purchase price of $162,500. She claims that at the beginning of 2000, her compensation consisted of two components: salary and entitlement to a percentage of the Improv's gross sales. Thus, she contends that she sustained a salary reduction until the purchase price of her share had been reached. Nye argues that this forbearance establishes the consideration needed to constitute a contract. We disagree.
 {¶ 13} A review of the record in the instant case reveals that there is no indication that the alleged oral agreement included consideration. There is no evidence of any bargained-for legal detriment on Nye's behalf. Nye's job requirements did not change in any way upon the assumption of her partial ownership in MGK. Nye testified that her employment and past services entitled her *Page 7 
to partial ownership in MGK. However, past consideration cannot be a bargained-for benefit or detriment because it has already occurred. SeeCarlisle v. T R Excavating, Inc. (1997), 123 Ohio App.3d 277, 285,704 N.E.2d 39 (past consideration cannot be a bargained-for benefit or detriment, since it has already occurred or accrued). See, also,Hanna v. Groom, Franklin App. No. 07AP-502, 2008-Ohio-765.
 {¶ 14} Furthermore, there was no indication that Nye received a diminishment in her income from 2000 to 2003. Her tax returns did not show that she ever claimed an ownership interest in MGK. She did not declare the revenue from her 2.5 percent management fee on her income tax returns, nor did she receive a W-2 or 1099 for the alleged income.[3]
 {¶ 15} Therefore, we find that consideration is lacking, and Nye's oral contract claim fails as a matter of law.
 {¶ 16} Accordingly, the trial court properly granted MGK summary judgment.
 {¶ 17} Thus, the sole assignment of error is overruled.
 {¶ 18} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR.
[1] Kutash is the sole shareholder of MGK.
[2] At that time, Nye was the general manager of the Improv.
[3] We note that at her deposition, Nye admitted that all her other business ventures with Kutash, in which she obtained an ownership interest, were in writing.