[Cite as *State v. Blake*, 2015-Ohio-4762.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102420**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH BLAKE

DEFENDANT-APPELLANT

---

## JUDGMENT:
REVERSED AND VACATED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578166-A

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Sarah E. Gatti
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Daniel T. Van
      Eric L. Foster
      T. Allan Regas
Assistant County Prosecutors
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Kenneth Blake appeals an order of restitution imposed as part of his sentence for passing bad checks in the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and vacate the restitution order.

{¶2} Blake pled guilty to one count of passing bad checks and was referred for a presentence investigation report. At sentencing, the trial court ordered Blake to pay restitution in the amount of the bad check, $100,246, and imposed a 180-day jail term along with five years of community control sanctions. Blake appeals, challenging only the order of restitution.

{¶3} The facts pertaining to the restitution order are as follows: Blake was married to Charlene Hinton-Blake who died in 2012. Three of Hinton-Blake's sisters, including named victim Yvonne Hinton, assisted her with day-to-day care during a four-year period of illness preceding her death.

{¶4} Following Hinton-Blake's death, it was discovered that Blake was to receive $260,000 from a life insurance policy. Blake agreed to give Hinton-Blake's three sisters half of the insurance proceeds to be divided equally amongst themselves. To this end, Blake and the sisters prepared a notarized document to evidence their agreement. Yvonne Hinton stated that Blake chose to share the insurance proceeds with the sisters because he knew they had helped care for Hinton-Blake prior to her death.

{¶5} Blake received the insurance proceeds in June 2012, and wrote two checks to himself for $100,000 each. He then wrote checks to Yvonne Hinton in the amounts of

$22,000 and $100,246. The $22,000 check cleared but the $100,246 check was returned due to insufficient funds.

**{¶6}** In his first assignment of error, Blake argues that the trial court erred in ordering restitution in the amount of $100,246.

**{¶7}** We review an order of restitution under the abuse of discretion standard. *State v. Lalain*, 8th Dist. Cuyahoga No. 95857, 2011-Ohio-4813, ¶ 9, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶8}** R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a felony sentence "in an amount based on the victim's economic loss." R.C. 2929.01(L) defines "economic loss" as any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense.

**{¶9}** Blake argues that the act of passing a bad check cannot proximately result in economic loss to the victim when that check does not clear. We disagree. This court has previously upheld restitution in the amount of a bad check pursuant to a conviction for passing bad checks where economic loss was established. *State v. McDonald*, 8th Dist. Cuyahoga No. 95651, 2011-Ohio-1964, ¶ 20; *State v. Butler*, 2d Dist. Clark No. 2013-CA-110, 2014-Ohio-2669.

{¶10} Blake's reliance on *State v. Hart*, 6th Dist. Lucas No. L-03-1073, 2004-Ohio-5511, is misplaced as that case involved a defendant's failed attempt to cash a counterfeit payroll check at a supermarket. The *Hart* court noted that there was no evidence of an actual loss suffered by the supermarket because Hart's attempt to obtain money via the counterfeit payroll check was thwarted. *Id.* at ¶ 32. Therefore, *Hart* does not stand for the proposition that restitution is never appropriate in a passing bad check case.

{¶11} Although the act of passing a bad check can result in economic loss, we find that the trial court abused its discretion in ordering restitution in this instance because the victims suffered no economic loss as their agreement with Blake was not enforceable due to a lack of consideration and that Blake's act of passing the bad check did not result in a completed gift.

{¶12} "'[T]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.'" *Harmon v. Phillip Morris, Inc.*, 120 Ohio App.3d 187, 697 N.E.2d 270 (8th Dist.1997), quoting Restatement of the Law 2d, Contracts, Section 17 (1981). "Consideration may consist of either a detriment to the promise or a benefit to the promisor. A benefit may consist of some right, interest or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee." *Brads v. First Baptist Church*, 89 Ohio App.3d 328, 336, 624 N.E.2d 737 (2d Dist.1993).

**{¶13}** The record from the trial court's sentencing hearing reflects that there was no consideration to support the underlying agreement between Blake and the victims. The victims' actions in caring for Blake's wife prior to her death cannot satisfy the consideration element because past consideration, having already occurred, cannot be a bargained-for benefit or detriment. *Nye v. Kutash*, 8th Dist. Cuyahoga No. 91734, 2009-Ohio-847, citing *Carlisle v. T&R Excavating, Inc.*, 123 Ohio App.3d 277, 285, 704 N.E.2d 39 (9th Dist.1997).

**{¶14}** Furthermore, the passing of the bad check did not result in the completion of an inter vivos gift. Pursuant to R.C. 1303.45, a check does not itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it. *See also Deluca v. Bancohio Natl. Bank*, 74 Ohio App.3d 233, 244-45, 598 N.E.2d 781 (10th Dist.1991) (holding that a check, by itself, is not an assignment of funds and, therefore, any intended gift could not be complete because the donor retains the power to stop payment on his order); *Simmons v. Cincinnati Sav. Soc.*, 31 Ohio St. 457, 461 (1877) (holding that until a check is either paid or accepted, a gift is incomplete because without consideration, the check is subject to be countermanded or revoked while remaining in the hands of the payee).

**{¶15}** We hold that the trial court abused its discretion in ordering restitution in this instance because Blake's agreement with the victims was not supported by consideration and his passing of the bad check did not complete a gift. Therefore, the

victims did not suffer the type of economic loss required under R.C. 2929.01(L) to support an award of restitution.

**{¶16}** Blake's first assignment of error is sustained.

**{¶17}** Blake's second assignment of error is moot.

The judgment of the trial court is reversed, and the order of restitution is vacated.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
ANITA LASTER MAYS, J., CONCUR