[Cite as *Jacobson v. Resnick*, 2020-Ohio-5424.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| WENDY JACOBSON, ET AL., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 108169 |
| v. | : | |
| BEVERLY RESNICK, ET AL., | : | |
| Defendants-Appellees. | : | |
| [Appeal by Jonathan Gross] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 25, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2016ADV220849

---

### *Appearances:*

Mansour Gavin L.P.A., Charles T. Brown, and Michael P.
Quinlan, *for appellee.*

Jonathan Gross, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Jonathan Gross ("appellant") brings the instant appeal challenging the trial court's granting of summary judgment in favor of plaintiffs-appellees Wendy Jacobson, Deborah Gross, and Linda Gross and

defendant-appellee Beverly Resnick, executor of the estate of Delores Gross (collectively "appellees"). Appellant argues that the trial court erred by failing to apply the proper standards in considering a motion for summary judgment under Civ.R. 56 and for denying appellant's motion for additional time to submit evidence under Civ.R. 56(F). After a thorough review of the record and law, we affirm the decision of the trial court.

## I. Factual and Procedural History

{¶ 2} Delores Gross ("decedent") died testate on April 25, 2016. Appellees Wendy Jacobson ("Wendy"), Deborah Gross ("Deborah"), Linda Gross ("Linda"), and appellant are the children of the decedent and are her heirs and beneficiaries. Appellee Beverly Resnick was appointed executor of the decedent's estate.

{¶ 3} Pursuant to Item III, 4 of the decedent's last will and testament dated April 11, 2015 ("will"), the decedent specifically bequeathed her jewelry to Deborah, Wendy, and Linda as follows:

> My engagement and wedding rings, the diamond stud, and the diamond ring made for me by my daughter, I give to my daughter, **Deborah A. Gross**. All of the rest of my jewelry, I give to my daughters, **Wendy G. Jacobson** and **Linda B. Gross**, share and share alike.

(Emphasis sic.)

{¶ 4} The parties were previously involved in a related suit involving the Marvin G. Gross Revocable Trust ("trust"), wherein Wendy, Deborah, and Linda sued the decedent and appellant for actions taken with regard to the trust assets. The decedent, Deborah, Linda, Wendy, and appellant entered into a settlement

agreement and release. As part of the settlement, the parties agreed that decedent's April 11, 2015 will would provide for the disposition of the decedent's assets, which included the jewelry that is the subject of the instant matter.

{¶ 5} Prior to her death, the decedent had signed a durable power of attorney, appointing appellant as her attorney-in-fact. In the final days of decedent's life, appellant moved into her condominium and began residing with her.

{¶ 6} Appellant asserts that during this time the decedent gave him her diamond engagement/wedding band ("ring") and diamond watch ("watch") as a gift. He took the jewelry to his hotel for a few days, but he claims the decedent wanted to wear them for the remainder of her life, and therefore he brought them back to her "on loan" until she passed. The only people alleged to be aware of this arrangement were appellant, the decedent, and appellant's fiancée, Michelle White. Immediately after the decedent's death, appellant claimed ownership of both pieces of jewelry. On June 24, 2016, in the estate administration case, the trial court ordered appellant to deliver the ring and the watch to the law firm of Vorys, Sater, Seymour and Pease, L.L.P., for safekeeping until further order of the court.

{¶ 7} On October 24, 2016, appellant filed a presentation of claim against the estate after attempting to negotiate a check purportedly issued to him by decedent in the amount of $24,000. The decedent wrote the check to appellant on April 7, 2016; however, he did not attempt to cash it until after her death. The estate denied appellant's claim.

{¶ 8} On November 7, 2016, appellees filed a complaint for declaratory judgment asking the court to declare the following: (1) that the ring and watch owned by the decedent, which were being held in safekeeping by the law firm of Vorys, Sater, Seymour and Pease, L.L.P., were assets of decedent's estate and subject to distribution to Deborah, pursuant to Item III, 4 of the will; and (2) that the $24,000 check made payable to appellant (a) resulted from a breach of his fiduciary relationship with the decedent and is therefore invalid; (b) was a product of undue influence or, in the alternative, that decedent lacked capacity to enter the transaction; or (c) was improper because the transaction was a breach of the October 16, 2016 settlement agreement.

{¶ 9} Attached to the complaint were (1) a June 24, 2016 judgment entry from the related estate administration case where the court ordered that the ring and watch held by appellant were to be delivered and held for safekeeping by the law firm of Vorys, Sater, Seymour and Pease, L.L.P.; (2) the last will and testament of Dolores Gross signed and witnessed on April 11, 2015; (3) the settlement agreement and release of October 16, 2015, in the related trust matter; and (4) discovery requests propounded to appellant.

{¶ 10} Appellant filed an answer, denying all of appellees' claims. On May 18, 2018, appellees filed a motion for summary judgment, and on June 15, 2018, appellant moved for an extension of time to conduct discovery and respond to the motion for summary judgment pursuant to Civ.R. 56(F). Appellees opposed this motion.

{¶ 11} On August 28, 2018, the probate court denied appellant's motion for additional time, finding that he had had ample time in which to conduct discovery but had not. Appellant then filed his brief in opposition to the motion for summary judgment and appellees filed their reply brief.

{¶ 12} The probate court granted appellees' motion for summary judgment and held that (1) the executor of the decedent's estate had the right to revoke the check that the decedent allegedly gave to appellant because it had not been cashed or deposited prior to the decedent's death; and (2) the gifts of the jewelry and the check were presumed to be invalid to appellant because of his fiduciary relationship to the decedent, and appellant had not presented clear and convincing evidence of the decedent's intention to make the gifts. The court also appeared to agree with appellees that appellant unduly influenced the decedent and breached his fiduciary duty to her.

{¶ 13} On January 29, 2019, appellant filed the instant appeal, raising the following assignments of error for our review:

I. The probate court erred as a matter of law when it determined that appellees had met their burden to be awarded summary judgment.

II. The probate court abused its discretion in denying appellant's Civ.R. 56(F) motion.

III. The probate court erred as a matter of law when it determined that there were no genuine issues of material fact in dispute at the time of the probate court's entry of summary judgment.

IV. The probate court erred as a matter of law when it determined that appellant had failed to prove that he was rightfully gifted the jewelry and $24,000.00 check.

## II. Law and Analysis

## A. Summary Judgment

{¶ 14} The issues in appellant's first, third, and fourth assignments of error are interrelated regarding the court's granting of summary judgment to appellees; accordingly, they will be addressed together.

## 1. Standard of Review

{¶ 15} An appeal from summary judgment is analyzed under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Thus, no deference is afforded to the trial court's decision, and the record is independently reviewed to determine whether summary judgment is appropriate.

{¶ 16} Summary judgment under Civ.R. 56 provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. To obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 17} The moving party has the initial responsibility of establishing its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶ 18} Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, it is the nonmoving party's duty to come forth with argument and evidence that demonstrates a material issue of fact does exist that would preclude judgment as a matter of law. *Dresher* at *id.*

### 2. The Alleged Gifts

{¶ 19} In their motion for summary judgment, appellees asserted that appellant breached his fiduciary duty by claiming the $24,000 check and the jewelry were gifts from the decedent. Appellees further contend that the only evidence appellant relied upon to support the alleged gifts was inadmissible hearsay statements by the decedent. Finally, appellees argued that the alleged gifts were a product of undue influence by appellant or the result of the decedent's lack of capacity.

{¶ 20} In his brief in opposition to the motion for summary judgment, appellant argued that the decedent was clearly competent at the time of the alleged gifts. In addition, appellant asserted that the decedent's hearsay statements are

admissible to demonstrate her donative intent. Appellant further stated that appellees did not present proper Civ.R. 56(C) evidence in support of their claims.

{¶ 21} We will first address the $24,000 check. We have previously stated that an inter vivos gift occurs when the donor executes "'an immediate voluntary, gratuitous and irrevocable transfer of property' to the donee." *Comella v. Comella*, 8th Dist. Cuyahoga No. 90969, 2008-Ohio-6673, ¶ 42, quoting *McLeod v. McLeod*, 11th Dist. Lake No. 2000-L-197, 2002-Ohio-3710, citing *Smith v. Shafer*, 89 Ohio App.3d 181, 183, 623 N.E.2d 1261 (3d Dist.1993). The essential elements of an inter vivos gift are: (1) intent of the donor to make an immediate gift; (2) delivery of the property to the donee; and (3) acceptance of the gift by the donee after the donor has relinquished control of the property. *McLeod* at ¶ 71, citing *Frederick v. Frederick*, 11th Dist. Portage No. 98-P-0071, 2000 Ohio App. LEXIS 1458, 7 (Mar. 31, 2000).

{¶ 22} Pursuant to R.C. 1303.45, a check "does not itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it." *State v. Blake*, 8th Dist. Cuyahoga No. 102420, 2015-Ohio-4762, ¶ 14, citing *DeLuca v. BancOhio Natl. Bank, Inc.*, 74 Ohio App.3d 233, 244-245, 598 N.E.2d 781 (10th Dist.1991) (holding that a check, by itself, is not an assignment of funds and, therefore, any intended gift could not be complete because the donor retains the power to stop payment on his order); *Simmons v. Cincinnati Sav. Soc.*, 31 Ohio St. 457, 461 (1877) (holding that until a check is either paid or accepted, a gift is incomplete because without

consideration, the check is subject to be countermanded or revoked while remaining in the hands of the payee).

{¶ 23} In his deposition, appellant stated that he accepted the check from the decedent but decided that he would not cash it until after her death. Exhibit No. 46 of appellant's deposition was a copy of the check, which shows that it was attempted to be cashed on May 11, 12, and 13, 2016.

{¶ 24} The mere "intention to give is not a gift, and so long as the gift is left incomplete a court of equity will not interfere and give effect to it." *Bolles v. Toledo Trust Co.*, 132 Ohio St. 21, 27, 4 N.E.2d 917 (1936). The check itself did not deliver to appellant the $24,000, but rather it evidenced the decedent's intent to give the $24,000 and to grant appellant the authority to draw the money. However, until the funds were drawn, the check remained subject to being countermanded or revoked. *Simmons* at *id.* As long as the check remained subject to revocation, the decedent had not yet relinquished dominion and control over the funds it represented.

{¶ 25} Consequently, even assuming that the decedent did give the check to appellant, the gift remained incomplete because it was not cashed or deposited prior to the death of the decedent. As such, the estate's executor had the right to revoke the check. We therefore find that appellees demonstrated that no genuine issues of material fact existed regarding the check, and appellant failed to meet his burden of presenting evidence showing otherwise. Accordingly, the court did not err in granting summary judgment to appellees with regard to the $24,000 check.

{¶ 26} Turning to the jewelry at issue, the ring was specifically bequeathed to appellee Deborah Gross pursuant to Item III, 4 of the decedent's will. This provision also bequeaths the remainder of decedent's jewelry, which would include the watch, to Wendy and Linda. Further, these dispositions were reiterated when the parties signed the settlement agreement stating that the disposition of the decedent's assets, including the jewelry in question, would be as provided for in the decedent's will.

{¶ 27} Appellant is attempting to supersede the provisions of the will and the settlement agreement by asserting that the decedent gave him the jewelry as an inter vivos gift on March 8, 2016.

{¶ 28} In their motion for summary judgment, appellees presented the will and the settlement agreement, which met their burden of demonstrating that no genuine issues of material fact exist regarding the status of the ring and the watch as assets of the estate and that they were entitled to judgment as a matter of law in this regard. The burden then shifted to appellant to show that a material issue of fact did exist that would preclude judgment as a matter of law.

{¶ 29} In support of his assertion that the jewelry was an inter vivos gift, appellant offered his own affidavit and that of his fiancée, Michelle White. As noted by the trial court, the affidavits of appellant and his fiancée are identical, even down to an incorrect statement in Ms. White's affidavit regarding an attached copy of "my" complaint (to which she was not a party) and referring to actions taken by appellant and not Ms. White.

{¶ 30} An affidavit submitted on summary judgment must contain more than general, conclusory assertions to create a genuine issue of material fact for trial. *Jochum v. Listati*, 8th Dist. Cuyahoga No. 106957, 2019-Ohio-166, ¶ 19. Further,

> "[g]enerally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party."

*Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33.

{¶ 31} Appellant did not offer any corroborating materials in support of his affidavit. While he testified in his deposition that he had a document from the decedent stating that the ring and watch were to go to him, no such document was produced in support of his brief in opposition to the motion for summary judgment. Moreover, the affidavit of appellant's fiancée, Michelle White, does not provide any actual corroboration for the statements in his affidavit. With regard to the jewelry, Ms. White states as follows:

> On March 8, 2016, Dolores Gross, Jonathan Gross' mother, gave by handing to Johnathan Gross as a gift, her diamond ring and watch (the "Jewelry"), which are described in Plaintiffs' motion for summary judgment. On that day, I witnessed Jonathan Gross bring the Jewelry with him to where he and I were living. Subsequent to that date, I witnessed Jonathan Gross bring this jewelry to loan to Dolores Gross to wear because he recognized that she wanted to wear the Jewelry for sentimental reasons at the end of her life.

Exhibit B to appellant's brief in opposition to motion for summary judgment, ¶ 4.

{¶ 32} Ms. White does not state that she witnessed the decedent give the jewelry to appellant, nor does she describe how she came to learn that the jewelry was gifted to appellant. Rather, she simply avers that she witnessed him bring the jewelry home and then bring it back to the decedent. These statements are insufficient to demonstrate the existence of a genuine issue of material fact as to whether the decedent intended to give the ring and the watch to appellant and did, in fact, deliver the same. The ring and the watch therefore remain assets of the estate.

{¶ 33} Accordingly, we cannot say that the trial court erred in finding that there were no genuine issues of material fact with regard to the jewelry. Summary judgment was properly granted in favor of appellees with regard to the ring and the watch. Appellant's first, third, and fourth assignments of error are overruled.

{¶ 34} Finally, based on our determinations that the check was invalid because it was not cashed or deposited prior to the decedent's death and that the jewelry was an asset of the decedent's estate subject to distribution under the decedent's will, we need not consider, as alternative bases for granting summary judgment in favor of appellees, whether appellant breached his fiduciary duty to the decedent, whether appellant unduly influenced the decedent, whether the decedent lacked capacity, or whether the check was a breach of the October 16, 2016 settlement agreement.

## B. Civ.R. 56(F) Motion for Extension of Time

{¶ 35} In his second assignment of error, appellant argues that the trial court erred by denying his Civ.R. 56(F) motion for an extension of time to respond to appellees' motion for summary judgment.

{¶ 36} Civ.R. 56(F), which permits trial courts to allow additional discovery before having to oppose a summary judgment motion, provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 37} The trial court has wide discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F); such decision will not be reversed absent an abuse of that discretion. *Chisholm v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 105106, 2017-Ohio-8060, ¶ 20, citing *Scanlon v. Scanlon*, 2013-Ohio-2694, 993 N.E.2d 855, ¶ 24 (8th Dist.). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Ruwe v. Bd. of Twp. Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987). While the trial court has discretion to determine whether additional time to gather rebuttal evidence is appropriate, "that discretion should be exercised liberally in favor of a nonmoving party who proposes any reasonable interval for the production of those materials," where there is a realistic possibility that genuine issues of material fact will require

jury consideration. *Whiteleather v. Yosowitz*, 10 Ohio App.3d 272, 276, 461 N.E.2d 1331 (8th Dist.1983).

{¶ 38} A party seeking additional time to respond to a motion for summary judgment must do more than merely assert generally the need for additional discovery and must present sufficient reasons that would justify the requested continuance. *Wombold v. Barna*, 2d Dist. Montgomery No. 17035, 1998 Ohio App. LEXIS 5881 (Dec. 11, 1998). A party must state the factual basis and reasons as to why it is unable to present facts essential to its opposition to the motion. *Penix v. Avon Laundry & Dry Cleaners*, 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362, ¶ 31, citing *id.*; *see also Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 392 N.E.2d 1316 (8th Dist.1978) (holding that the affidavits must state sufficient reasons why the movant cannot presently oppose the motion and why or how the continuance, deferral of action, or discovery would permit the party to obtain such facts).

{¶ 39} In the instant matter, appellant argues that the trial court abused its discretion in denying his Civ.R. 56(F) motion. Appellant asserted in his motion that additional time was needed to obtain affidavits or testimony from appellees, medical professionals, hospice care workers, accountants, and others knowledgeable about the decedent's well-being prior to her death.

{¶ 40} The memorandum submitted with appellant's motion for extension discussed at length his need for the above discovery and the evidence that he believed he would obtain therefrom. However, appellant did not explain anywhere

in the motion, memorandum, or his affidavit in support *why* he had been unable to conduct this discovery prior to the time he filed his motion. Appellant's motion did not claim that there was any outstanding discovery or provide any reason why his desired depositions could not be accomplished prior to the time his brief was due. At oral argument, appellant suggested that appellees had refused to cooperate with discovery, but there is nothing in the record to reflect this. Even if this were the case, the record does not demonstrate that appellant ever sought judicial intervention to obtain appellees' compliance.

{¶ 41} The trial court noted in its judgment entry that at a pretrial on May 24, 2017, appellees had stated their intention to move for summary judgment following the deposition of appellant, which was scheduled for June 20, 2017. The trial court further stated that appellees had propounded interrogatories, requests for admissions, and requests for production of documents at the time of the filing of the complaint. As noted by the trial court, appellant had had ample opportunity to conduct discovery, particularly after learning at the May 2017 pretrial that appellees would be filing a motion for summary judgment.

{¶ 42} After reviewing the record, we cannot say that the trial court's denial of appellant's request for an extension of time was unreasonable, arbitrary, or unconscionable.

{¶ 43} Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion, and appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 44} Appellant failed to demonstrate that the trial court erred in determining that no genuine issues of material fact existed with regard to any of the claims in this matter and that summary judgment was appropriate. Further, the trial court did not abuse its discretion in denying appellant's motion for extension of time under Civ.R. 56(F).

{¶ 45} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR