[Cite as *Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2021-Ohio-394.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| JUSTIN GELOFF | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-290 |
| | : | |
| R.C. HEMM'S GLASS SHOPS, INC. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of February, 2021.

. . . . . . . . . . .

MARILYN L. WIDMAN, Atty. Reg. No. 0068446 and KERA L. PAOFF, Atty. Reg. No. 0082674, 405 Madison Avenue, Suite 1550, Toledo, Ohio 43604
    Attorneys for Plaintiff-Appellee

ANDREW R. PRATT, Atty. Reg. No. 0063764 and KEVIN M. DARNELL, Atty. Reg. No. 0095952, 18 East Water Street, Troy, Ohio 45373
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, R.C. Hemm's Glass Shops, Inc. ("Hemm's Glass"), appeals from the trial court's judgment of May 5, 2020, in which the court granted judgment pursuant to Civ.R. 56 in favor of Plaintiff-appellee, Justin Geloff, on his complaint for declaratory judgment; in his complaint, Geloff sought a declaration that a non-competition and non-disclosure agreement, which he executed while an employee of Hemm's Glass, was unenforceable. Raising two assignments of error, Hemm's Glass argues, first, that the trial court contravened Civ.R. 56 by entering judgment despite genuinely disputed issues of material fact, and second, that the court erred as a matter of law by failing to reform the parties' agreement. We find that Hemm's Glass's arguments are not well taken, and for the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} Hemm's Glass hired Geloff on or about April 20, 2015, to be a field glazier. Affidavit of Justin Geloff ¶ 1 and 3-4, Jan. 3, 2020.[1] Geloff executed a non-competition and non-disclosure agreement on or about the same date he was hired. *Id.* at ¶ 7 and Ex. B.

{¶ 3} As a field glazier, Geloff installed glass doors and windows, along with other glass products. *Id.* at ¶ 3. Geloff thus had contact with customers of Hemm's Glass in the course of his work. *Id.* at ¶ 15; Affidavit of Jeffrey C. Hemm ¶ 4-5, Feb. 7, 2020.[2]

---

[1] Geloff attached his affidavit as Exhibit "1" to his motion for summary judgment of January 17, 2020.

[2] Hemm's Glass attached Jeffrey Hemm's affidavit to its memorandum in opposition to Geloff's motion for summary judgment, which it filed on February 10, 2020.

{¶ 4} In January 2019, Hemm's Glass offered Geloff a promotion to foreman. Geloff accepted the promotion on or about January 16, 2019. On or about the same date, he executed a second non-competition and non-disclosure agreement (the "Agreement"). Geloff Aff. ¶ 7 and Ex. C. The second agreement was identical to the first. *Id.* at Exs. B and C.

{¶ 5} Among other things, the non-competition provisions of each of the agreements restricted Geloff, "[d]uring the term of [his] employment and for a period of two * * * years following the termination of [his] employment," from "participat[ing] * * * as an * * * employee [in] any business within the [s]tates of Ohio, Kentucky, Michigan, Indiana, Pennsylvania or West Virginia which is engaged in * * * the business of [Hemm's Glass], including, but not limited to, the sale of glass or mirror products and any and all related services"; from soliciting Hemm's Glass's customers on behalf of any subsequent employer "for the purpose of providing goods and/or services which are competitive with the goods and or services" provided by Hemm's Glass; and from [d]isclosing to any firm, corporation or individual, the name or financial information of the present or past customers" of Hemm's Glass. *See* Decision and Judgment Entry Sustaining Plaintiff's Motion for Summary Judgment 2-3, May 5, 2020 [*hereinafter* Judgment Entry]; Complaint ¶ 10 and Ex. B. The non-disclosure provisions of the Agreement, which did not include temporal or geographical limitations, restricted Geloff from "[d]isclos[ing] confidential information of any type or description"; and from "[r]etain[ing] without the prior written approval of [Hemm's Glass], any customer list or other confidential information of any type or description." Judgment Entry 3-4; Complaint, Ex. B.

{¶ 6} Geloff ended his employment with Hemm's Glass on June 7, 2019, and

joined Glaziers Local Union No. 387, which is an affiliate of the International Union of Painters and Allied Trades, District Council 6. *Id.* at ¶ 22. American Architectural Glass hired Geloff to be a field glazier on June 10, 2019, but shortly afterward, Geloff and his new employer each received a letter from Hemm's Glass threatening litigation pursuant to the non-competition and non-disclosure agreement that he had executed on January 16, 2019 Agreement. *Id.* at ¶ 25 and Ex. D.

{¶ 7} On July 1, 2019, Geloff filed a complaint against Hemm's Glass in which he requested that the trial court enter a judgment declaring the Agreement to be unenforceable. American Architectural Glass terminated Geloff's employment on July 17, 2019, leaving Geloff unemployed for four weeks. Geloff Aff. ¶ 26-27.

{¶ 8} Hemm's Glass filed an answer and counterclaim on July 30, 2019, asserting causes of action for declaratory judgment and breach of contract. Geloff moved to dismiss the counterclaim, and on November 21, 2019, the trial court sustained Geloff's motion in part and overruled his motion in part. The court sustained the motion to the extent that Hemm's Glass's causes of action "pertain[ed] to * * * Geloff's alleged violation of the non-competition provision[s] of the Agreement," and the court overruled the motion to the extent that Hemm's Glass's causes of action "pertain[ed] to * * * Geloff's alleged violation of the non-disclosure provision[s] of the Agreement." Decision and Judgment Entry Sustaining in Part and Overruling in Part Plaintiff's Motion to Dismiss 8, Nov. 21, 2019.

{¶ 9} According to the counterclaim, after Geloff terminated his employment with Hemm's Glass, he later found employment "with a corporation engaged in the sale of glass or mirror products and other related services in direct violation of the terms of the

Agreement." In its decision on Geloff's motion to dismiss, the court explained that because Hemm's Glass neither alleged "the location of Geloff's subsequent employer," nor incorporated the allegations in Geloff's complaint—which did state the location of at least one of Geloff's subsequent employers—Hemm's Glass had failed to state a claim against Geloff for violating the non-competition provisions of the Agreement, given that the Agreement's terms applied only to employers in Ohio and five other states. *Id.* at 4-5. The court held that counterclaim did suffice with respect to Geloff's alleged violations of the non-disclosure provisions of the Agreement, because the non-disclosure provisions were not limited to any specific location. *Id.* at 5.

{¶ 10} Geloff thereafter moved for summary judgment. On May 5, 2020, the trial court entered judgment in his favor. Hemm's Glass timely filed a notice of appeal to this court on May 15, 2020.

## II. Analysis

{¶ 11} For its first assignment of error, Hemm's Glass contends that:

> THE TRIAL COURT INCORRECTLY DECIDED THERE WERE NO
> GENUINE ISSUES OF MATERIAL FACT.

{¶ 12} The trial court granted summary judgment in favor of Geloff, concluding that the Agreement was unenforceable after applying the nine-factor test endorsed by the Ohio Supreme Court in *Raimonde v. Van Vlerah*, 42 Ohio St.2d 21, 325 N.E.2d 544 (1975). *See* Judgment Entry 9-19. Hemm's Glass finds fault with the trial court's application of four of these factors, arguing that the trial court erred in determining that the record did not show that Geloff possessed any confidential information; in determining that the Agreement would, impermissibly, operate to suppress ordinary competition, as

opposed to the suppression of unfair competition; in determining that the benefit to Hemm's Glass of enforcement of the Agreement would be disproportional to the detriment to Geloff; and in determining that any development of Geloff's skill as a glazier during his employment with Hemm's Glass did not result from the disclosure of proprietary information, but rather from Geloff's acquisition of generally available knowledge and experience. Appellant's Brief 2-5; Judgment Entry 11-18. With respect to each of these issues, Hemm's Glass argues that the record included sufficient evidence to give rise to genuine issues of material fact.

{¶ 13} Under Civ.R. 56, summary judgment is proper only where: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶ 14} Initially, the movant bears the burden of establishing the absence of any genuine dispute of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662

N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party may not rely merely upon the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type[s] listed in Civ.R. 56(C)." *Dresher* at 293, citing Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

{¶ 15} In its *Raimonde* opinion, the Ohio Supreme Court listed nine factors to be considered for determining whether a non-competition agreement between an employer and an employee is enforceable. *See Raimonde*, 42 Ohio St.2d at 24-25, 325 N.E.2d 544; *see also Bruns Gen. Contracting, Inc. v. Miller*, 2d Dist. Miami No. 2009-CA-23, 2009-Ohio-4310, ¶ 23. To make the determination, a court should consider: (1) the absence or inclusion of limitations as to time and space; (2) whether the employee is the employer's sole contact with customers; (3) whether the employee possesses confidential information or trade secrets; (4) whether the agreement would eliminate competition that would be unfair to the employer, or would eliminate ordinary competition; (5) whether the agreement would stifle the employee's inherent skill and experience; (6) whether the benefit to the employer is disproportional to the detriment to the employee; (7) whether the agreement would operate as a bar to the employee's sole means of support; (8) whether the employee's talent, which the employer seeks to suppress, was actually developed during the period of employment; and (9) whether the forbidden employment is merely incidental to the main employment. *See Raimonde* at 25; *Bruns Gen.*

*Contracting* at ¶ 23. Hemm's Glass argues that the trial court erred by disregarding genuine disputes over facts material to four of the factors. Appellant's Brief 2-5.

{¶ 16} First, Hemm's Glass contests the trial court's finding that the evidence did not permit any genuine dispute regarding Geloff's alleged possession of confidential information—in particular, Geloff's knowledge of the identities of some customers of Hemm's Glass, along with Hemm's Glass's customer list. *Id.* at 2-3. The trial court found that, in opposition to Geloff's motion for summary judgment and attached affidavit, Hemm's Glass had "produced no evidence to show that the information learned by Geloff [as an employee of Hemm's Glass] was confidential and not public knowledge." Judgment Entry 14; Appellant's Brief 2.

{¶ 17} Geloff averred in his affidavit that Hemm's Glass had hired him to work as an installer of "glass windows, doors, and other glass products"; that "[d]uring [his] time" as an employee of Hemm's Glass, he "was taught nothing unique or proprietary"; and that he never had access to "pricing information, sales modules or techniques used [by Hemm's Glass] to obtain new business or retain existing customers." Geloff Aff. ¶ 3-4, 12 and 14. As well, he averred that his "contact with [Hemm's Glass]'s customers was strictly limited [to] normal small talk." *Id.* at ¶ 15.

{¶ 18} Jeffrey Hemm, "a shareholder of R.C. Hemm Glass Shops, Inc.," submitted an affidavit in support of Hemm's Glass's opposition to Geloff's motion for summary judgment. Hemm Aff. ¶ 3. In his affidavit, Hemm averred that Geloff "possessed confidential information," adding that Geloff "was familiar" with customers of Hemm's Glass and with Hemm's Glass's "customer list[,] along with information pertaining to the job and the work to be performed." Hemm Aff. ¶ 6-7. Asked in interrogatories to specify

"every 'trade secret' that [Geloff] [was] actively [using] in direct violation" of the Agreement, Hemm's Glass answered that "the training and experience obtained by [Geloff] during * * * his employment * * * constitutes a trade secret or proprietary information," and asked to specify "every 'trade [s]ecret' that [Geloff] [was] actively [disclosing] in direct violation" of the Agreement, Hemm's Glass answered that it "had reason to believe that [Geloff] had secured a job [involving] the sale of glass or mirror products or other related services * * * and, in doing so, could possibly [disclose] trade secrets." *See* Plaintiff's Motion for Summary Judgment, Ex. 2, Jan. 17, 2020.

{¶ 19} Hemm's Glass contends that the trial court "should not have disregarded" Jeffrey Hemm's averment that Geloff "possessed confidential information." Appellant's Brief 2; Hemm Aff. ¶ 6. Hemm, however, failed to specify any potentially confidential information that Geloff might have possessed, other than "familiar[ity] with [Hemm's Glass]'s customers and [Hemm's Glass]'s customer list." *See* Hemm Aff. ¶ 7. Aside, then, from its reference to Geloff's knowledge of customers and possession of the customer list, Hemm's affidavit is merely "a bald contradiction" of Geloff's affidavit, and the trial court thus did not err by finding Hemm's affidavit to be purely "speculative" with respect to information unrelated to customers. *See Smith v. CBert Properties, LLC*, 2d Dist. Montgomery No. 28058, 2019-Ohio-12, ¶ 13; Judgment Entry 12; *see also Jacobson v. Resnick*, 8th Dist. Cuyahoga No. 108169, 2020-Ohio-5424, ¶ 30 (noting that an "affidavit submitted on summary judgment must contain more than general, conclusory assertions to create a genuine issue of material fact for trial").

{¶ 20} Regarding Geloff's knowledge of customers and alleged possession of the customer list, the trial court found that Hemm's Glass "produced no evidence" showing

that Geloff's awareness of the identity of some customers "was confidential and not public knowledge." Judgment Entry 14. The court observed that Hemm's Glass "identifies no fewer than seven * * * of its customers" on its website "and showcases [there] some of the work performed" for those customers," which the court found to be inconsistent with Jeffrey Hemm's averment that "[n]either [Hemm's Glass]'s customers nor [its] customer list is 'publicized or made known to the general public.' "[3] Judgment Entry 12, quoting Hemm Aff. ¶ 8. Furthermore, the court stated that other "than the potential that Geloff recalls the customers for whom he performed installation [or] service work," Hemm's Glass did not present evidence indicating either that Geloff had possession of a complete list of its customers, or that Geloff, whose duties did not include sales and marketing, even had access to such a list. *See id.* at 12-13. The court emphasized that Hemm's affidavit, construed literally, provided no evidence that Geloff had possession of the customer list, because Hemm averred only that Geloff "was familiar" with the list, as opposed to averring that Geloff had possession of it. *Id.* at 12; Hemm Aff. ¶ 8.

{¶ 21} Here, Hemm's Glass insists that it "can advertise some of its customers without revealing its entire client list or all of the customers [for whom] Geloff installed products," but it offers no argument addressed to the trial court's finding that it failed to

---

[3] The trial court appropriately considered the information it obtained from Hemm's Glass's website, which Geloff cited without proper authentication in his motion for summary judgment, because Hemm's Glass did not object. Judgment Entry 1, fn. 1; *see, e.g.*, *Papadelis v. First Am. Sav. Bank*, 112 Ohio App.3d 576, 679 N.E.2d 356 (8th Dist.1996). In its judgment, the trial court also referred to external content it found on "four different social media platforms," links to which were presented on Hemm's Glass's website. *Id.* at 12. Arguably, the trial court erred by considering the external content, but because the record otherwise supports the trial court's judgment, and because Hemm's Glass has not offered arguments directed specifically to the consideration of the external content, we need not rule on the issue.

produce evidence indicating that Geloff had possession of its entire customer list. Appellant's Brief 2-3. We concur with the trial court. Given that Hemm's Glass itself voluntarily discloses the identities of certain customers on its website, presumably for promotional purposes, it cannot establish that the identities of individual customers are entitled to protection as trade secrets or otherwise confidential information. *See Columbus Bookkeeping & Business Servs., Inc. v. Ohio State Bookkeeping, L.L.C.*, 10th Dist Franklin No. 11AP-227, 2011-Ohio-6877, ¶ 19 and 24. Geloff's awareness of the identities of some customers, moreover, is not the equivalent of possession of a complete customer list. *See id.* at ¶ 21-22 (describing the nature and value of a "client list"). Hemm's Glass's answers to Geloff's interrogatories, for that matter, implicitly contradict Jeffrey Hemm's affidavit. Although Hemm averred that Geloff "was familiar with [the] customer list," Hemm's Glass did not refer to the customer list in any of its answers. For example, in Interrogatory No. 8, Geloff asked that Hemm's Glass "[i]dentify with specificity [all] proprietary information * * * that [he was using] in * * * violation of the [Agreement]," and Hemm's Glass answered that it "had reason to believe that [he] had secured a job [involving] the sale of glass or mirror products[,] or other related services[,] and, in doing so, was actively [using] the training and experience [which he] obtained * * * during the course * * * of his employment" with Hemm's Glass. Plaintiff's Motion for Summary Judgment, Ex. 2. A party may not "create a material issue of fact in opposition to [a motion for] summary judgment by means of internally contradictory evidence that [conflicts with other] evidence submitted by the party." *See Wolf v. Big Lots Stores, Inc.*, 10th Dist. Franklin No. 07AP-511, 2008-Ohio-1837, ¶ 12.

{¶ 22} In the second part of its argument, Hemm's Glass contests the trial court's

finding that the Agreement operated impermissibly to eliminate ordinary competition, rather than operating permissibly to eliminate unfair competition. Appellant's Brief 3-4; Judgment Entry 14-16. Specifically, Hemm's Glass defends the Agreement's "six-state restriction" on Geloff's subsequent employment and posits that Geloff engaged in unfair competition simply by accepting employment with "an employer [in] the same business." Appellant's Brief 4.

{¶ 23} Jeffrey Hemm averred, in February 2020, that "[s]ince May 2015, [Hemm's Glass had completed] more than [30] jobs outside of the [S]tate of Ohio, including [jobs] in * * * Indiana, Kentucky, Wisconsin, and Tennessee." Hemm. Aff. ¶ 11. Geloff, for his part, averred that he worked most for Hemm's Glass "in the greater Dayton metropolitan area, as well as Columbus and Cincinnati," and that during the four years he was an employee of Hemm's Glass, he could recall only two instances in which he worked outside Ohio—once in Indiana and once in Kentucky. Geloff Aff. ¶ 1, 16 and 18-19.

{¶ 24} The trial court found that Hemm's Glass did not produce evidence suggesting that the Agreement's restrictions were necessary to restrain Geloff, "a field installer of the products [that Hemm's Glass] distributes," from engaging in unfair competition. Judgment Entry 16. Referring to Jeffrey Hemm's affidavit, the court stated that Hemm's Glass did not explain how Geloff's subsequent employment as an installer "in Ohio or within the other five * * * states" listed in the Agreement "[would] subjectively harm" Hemm's Glass's business, inasmuch as Hemm's Glass did not establish that its out-of-state work was a significant component of its business overall, or more importantly, that the nature of Geloff's subsequent employment as an installer, as opposed to employment involving sales and marketing, constituted anything other than ordinary

competition. *See id.* at 15-16.

{¶ 25} Hemm's Glass maintains that the court erred by focusing its analysis on sales and by not acknowledging that the Agreement purported to restrict Geloff from accepting any employment with any employer engaged in the same business, regardless of whether the employment involved sales and marketing. *See* Appellant's Brief 4. Yet, in taking this position, Hemm's Glass fails to distinguish between unfair competition and ordinary competition. The distinction depends on whether the "form of competition [a] covenant [not to compete] restricts is in its nature and character unfair" to the employer; if the form of competition is not unfair, then the restriction is unenforceable. *See Busch v. Premier Integrated Med. Assocs., Ltd.*, 2d Dist. Montgomery No. 19364, 2003-Ohio-4709, ¶ 15. The trial court reasoned that in the absence of any evidence that Geloff worked subsequently in sales and marketing for a competitor of Hemm's Glass, and in the absence of any evidence that Geloff "established his own business in direct competition" with Hemm's Glass, the enforcement of the Agreement would serve only to prevent Geloff from working as an installer. *See* Judgment Entry 15-16.

{¶ 26} We concur with the trial court. Hemm's Glass has not demonstrated that Geloff engaged in unfair competition merely by installing glass products for a competing business, nor did Hemm's Glass produce evidence showing that Geloff possessed trade secrets or other confidential information that he could have used to give his subsequent employer or employers an unfair advantage over Hemm's Glass.

{¶ 27} In the third part of its argument, Hemm's Glass contests the trial court's assertion that it did "not identif[y] record evidence" suggesting that any benefit conferred on it by the Agreement would not be disproportional to any detriment suffered by Geloff.

Appellant's Brief 4. The trial court found, in effect, that the Agreement would not provide any benefit to Hemm's Glass, because the evidence on record did not show that Geloff possessed any confidential information or trade secrets, or that Geloff had engaged in unfair competition. *See* Judgment Entry 16.

{¶ 28} Again, we concur with the trial court. Absent evidence that Geloff misappropriated confidential information or trade secrets, or otherwise engaged in unfair competition, enforcement of the Agreement would not discernibly benefit Hemm's Glass, whereas it would needlessly prevent Geloff from working as an installer.

{¶ 29} In the last part of its argument, Hemm's Glass contests the trial court's finding that, notwithstanding the experience Geloff acquired while he was its employee, Geloff "learned all of his installation skills from the * * * instructions" provided by the manufacturers of the products it sold, rather than from exposure to processes that were "secret or particular" to Hemm's Glass. Appellant's Brief 5; *see* Judgment Entry 18. According to Hemm's Glass, the trial court thereby erred because "Geloff would not have gained this invaluable training and experience but for his [former position as an installer in its employ]." Appellant's Brief 5.

{¶ 30} Although Geloff indirectly acknowledged that he gained experience and skills during his employment with Hemm's Glass, such experience and skills "cannot qualify as trade secrets if they are of common knowledge * * * in the trade." *Compare* Geloff Aff. ¶ 1, 3-4 and 12-13, *with* Plaintiff's Motion for Summary Judgment, Ex. 2; *Wiebold Studio, Inc. v. Old World Restorations, Inc.*, 19 Ohio App.3d 246, 248, 484 N.E.2d 280 (1st Dist.1985); s*ee also Tomaydo-Tomahhdo L.L.C. v. Vozary*, 2017-Ohio-4292, 82 N.E.3d 1180, ¶ 28-31 (8th Dist.) (citing *Wiebold* at 248 with approval). Geloff averred

that "[d]uring [his] time" as an employee of Hemm's Glass, he "was taught nothing unique or proprietary in [his] capacity as a field glazier or working foreman," and Hemm's Glass produced no evidence to the contrary. Geloff Aff. ¶ 12; Plaintiff's Motion for Summary Judgment, Ex. 2. As a result, the trial court did not err by finding, in effect, that because the skills and experience gained by Geloff as Hemm's Glass's employee were common knowledge, Hemm's Glass did not develop Geloff's talent for purposes of the nine-factor test endorsed by the Ohio Supreme Court in *Raimonde*.

{¶ 31} On review of the record, we hold that the trial court did not err by entering summary judgment in Geloff's favor. In response to the evidence submitted by Geloff in support of his motion for summary judgment, including Hemm's Glass's answers to his interrogatories, Hemm's Glass did not produce evidence sufficient to give rise to any genuine dispute of fact material to the trial court's application of the *Raimonde* factors, nor has Hemm's Glass established on appeal that the trial court committed any legal errors. The first assignment of error is overruled.

{¶ 32} For its second assignment of error, Hemm's Glass contends that:

THE TRIAL COURT DID NOT AMEND THE AGREEMENT TO MAKE IT REASONABLE BASED UPON THE PARTIES' INTENT.

{¶ 33} Hemm's Glass argues that the trial court erred by failing to reform the Agreement after declaring it to be unenforceable. Appellant's Brief 5. We have noted previously that "[i]f a court finds that a covenant not to compete imposes unreasonable restrictions upon on employee, then the court is empowered to modify or amend the * * * agreement." *Hidy Motors, Inc. v. Sheaffer*, 183 Ohio App.3d 316, 2009-Ohio-3763, 916 N.E.2d 1122, ¶ 58 (2d Dist.), citing *Raimonde*, 42 Ohio St.2d at 26, 325 N.E.2d 544. Yet,

the court is not affirmatively required to amend an unreasonable non-competition agreement. In *Sheaffer*, for instance, we noted further that "[a] number of two-year covenants not to compete have been either reduced by courts to a one-year time limitation or declared unenforceable as a matter of law." (Emphasis added.) *Id.*, citing *Facility Servs. & Sys., Inc. v. Vaiden*, 8th Dist. Cuyahoga No.86904, 2006-Ohio-2895, ¶ 41 and 53-56. The trial court in the instant case declared the Agreement to be unenforceable. Hemm's Glass's second assignment of error is overruled.

### III. Conclusion

{¶ 34} We hold that the trial court did not err by entering judgment under Civ.R. 56 in favor of Geloff, because the evidence before the trial court did not give rise to any genuine dispute of material fact, and on that record, the trial court correctly determined that Geloff was entitled to judgment as a matter of law. In addition, we hold that the trial court did not err as a matter of law by declining to exercise its discretion to amend the Agreement. Therefore, the trial court's judgment of May 5, 2020, is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Marilyn L. Widman
Kera L. Paoff
Andrew R. Pratt
Kevin M. Darnell
Hon. Stacy M. Wall