[Cite as *Winston v. Pizza Hut*, 2022-Ohio-859.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KELLY WINSTON | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29265 |
| | : | |
| v. | : | Trial Court Case No. 2020-CV-3172 |
| | : | |
| PIZZA HUT, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of March, 2022.

. . . . . . . . . . .

AARON G. DURDEN, Atty. Reg. No. 0039862, 10 West Monument Avenue, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

JOSEPH J. GOLIAN, Atty. Reg. No. 0029496 & AARON M. JONES, Atty. Reg. No. 0096386, 250 Civic Center Drive, Suite 280, Columbus, Ohio 43215
      Attorneys for Defendants-Appellees

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Appellant Kelly Winston appeals from the judgment of the Montgomery County Court of Common Pleas which granted the motion for summary judgment of Appellee Hallrich Inc. ("Pizza Hut"). For the reasons that follow, the judgment of the trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} On the rainy evening of May 23, 2020, Winston ordered pizza from the Pizza Hut at 4217 N. Main St. in Dayton. She picked up her order at the store. Upon opening the door and stepping inside the lobby, Winston slipped and fell. Winston suffered serious injuries, including a torn meniscus in her left knee, which left her unable to work for several months. During her deposition, Winston stated that she did not see a "wet floor" sign in the lobby and that there were no floor mats down at the time. As she left, Winston took pictures of the scene where she had fallen; despite having security cameras, Pizza Hut could not provide video footage of the incident due to technical issues.

{¶ 3} On August 14, 2020, Winston filed her complaint which alleged that Pizza Hut had negligently maintained the premises and, because of that, she had suffered serious injuries. After answering the complaint in the fall of 2020, and after depositions were taken of Winston and two store employees, Pizza Hut filed its motion for summary judgment on August 12, 2021. Winston filed a response in opposition. On September 15, 2021, the trial court granted Pizza Hut's motion for summary judgment, reasoning that the rainwater Winston slipped on was open and obvious, and therefore Pizza Hut had no duty to protect her. Winston appeals, raising a single assignment of error.

## II.      Winston's fall was caused by an open and obvious danger

{¶ 4} In her assignment of error, Winston argues that the trial court erred by granting summary judgment in favor of Pizza Hut. Specifically, she asserts that the court wrongly found that the wet floor was an open and obvious defect.

Summary Judgment

{¶ 5} The overarching question we must decide in this case is whether it was appropriate for the trial court to grant summary judgment to Pizza Hut. Winston believes that there were genuine issues of material fact that should have been sorted out at trial.

{¶ 6}   Pursuant to Civ.R. 56(C), a movant is entitled to summary judgment when that party demonstrates that there is (1) no issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, 166 N.E.3d 725, ¶ 22 (2d Dist.).

{¶ 7} "The burden of demonstrating that no genuine issues exist as to any material fact falls upon the moving party requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).  The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must give specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). *Accord Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2021-Ohio-394, 167 N.E.3d 1095, ¶ 14 (2d Dist.). If no genuine issue of material fact exists, summary judgment must be awarded as

a matter of law. We review the trial court's ruling on a summary judgment motion de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

Negligence and Premises Liability

**{¶ 8}** While the outcome of this case ultimately depends on whether summary judgment was properly granted, other areas of law are also integral to the decision, including negligence and premises liability.

**{¶ 9}** Winston's suit, essentially, is one of negligence. She reasons that if it were not for the negligence of Pizza Hut, she would not have been injured. To establish an actionable negligence claim, one seeking recovery must show: (1) the existence of a duty of care; (2) breach of the duty; and (3) that as a direct and proximate result of the breach, the plaintiff was injured. *Strother v. Hutchinson,* 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). This case hinges on whether Pizza Hut had a duty of care.

**{¶ 10}** An owner or occupier of a premises owes business invitees (customers) a duty of ordinary care in maintaining the premises in reasonably safe condition so that the invitees are not unreasonably and unnecessarily exposed to danger. *Blair v. Vandalia United Methodist Church*, 2d Dist. Montgomery No. 24082, 2011-Ohio-873, ¶ 15. The owner or occupier is not, however, an insurer of an invitee's safety and has no duty to protect from open and obvious dangers on the property. *Id*. Open and obvious dangers are those that are not hidden from view and are discoverable by ordinary inspection. *Id*., citing *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698 (5th Dist.1989). "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an 'open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." *Lydic v. Lowe's Cos., Inc.*,

10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10. We have noted that the critical inquiry is whether an invitee exercising ordinary care would have seen and been able to guard against the condition. *Blair* at ¶ 15, citing *Kidder v. The Kroger Co.*, 2d Dist. Montgomery No. 20405, 2004-Ohio-4261.

{¶ 11} The open and obvious doctrine concerns the first element of negligence – whether a duty exists – and "obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard." *Kidder* at ¶ 8. The rationale behind the doctrine is that an open and obvious hazard itself serves as the warning. "The open-and-obvious- doctrine applies an objectively-reasonable-person standard of what the plaintiff should have known." *Bumgardner v. Wal-Mart Stores, Inc.*, 2d Dist. Miami No. 2002-CA-11, 2002-Ohio-6856, ¶ 18.

{¶ 12} According to the facts set out by Winston, she entered the Pizza Hut store for the first time when she went to return her initial order, and immediately slipped and fell on the wet floor. She states that she did not notice moisture on the floor and did not see a "wet floor" sign to give her an indication of the potential danger. Those facts, however, are almost entirely disputed by Pizza Hut. According to their version of the story, Winston came into the store to pick up her original order, and because she was wearing sandals or flip-flops, slipped and almost fell on the wet floor. Pizza Hut also suggests that when she came in the first time, she was warned about the condition of the floor both verbally and by a clearly visible "wet floor" sign that "never leaves our lobby. Ever." Jeremy Wolf Depo. at 35; *accord* Connor Moran Depo. at 29, 33. Pizza Hut also points to Winston's own photographs that it concludes clearly show puddles of water on the floor. Under normal circumstances, these diametrically opposed factual recitations would preclude the

granting of summary judgment and the case would likely progress to a trial. But here, the well-developed caselaw of the "open and "obvious" doctrine makes the trial court's decision proper.

{¶ 13} When it applies, the "open and obvious" doctrine eliminates the duty to warn and acts as a complete bar to negligence claims. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 13. Open and obvious dangers are those that are not hidden from view and are discoverable by ordinary inspection. *Blair,* 2d Dist. Montgomery No. 24082, 2011-Ohio-873, at ¶ 15. Many courts, this one included, have held that snow, slush, and rain tracked into buildings on days of inclement weather are open and obvious hazards.

{¶ 14} In *S.S. Kresge Co. v. Fader*, 116 Ohio St. 718, 158 N.E. 174 (1927), the plaintiff slipped on a wet floor of a store on a rainy day. In concluding that the danger was open and obvious, the Ohio Supreme Court reasoned that, "[e]verybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor." *Id*. at 723. The Court went on to state: "Owners or lessees of stores * * * are not insurers against all forms of accidents that may happen * * *. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail." *Id*. at 723-724.

{¶ 15} In *Blair,* a woman entered the church on a rainy election day to vote, slipped

on a "wet substance," fell, and was injured. In affirming the trial court's decision to sustain the church's summary judgment motion, we held, citing *S.S. Kresge Co.* and its progeny, that "the presence of water just inside the entrance to the church tracked inside by those entering the building was an open and obvious condition, and [the church] had no duty to warn Blair of its presence." *Blair* at ¶ 40.

{¶ 16} The same logic applies here. It is undisputed that May 23, 2020, was a rainy day, and Winston concedes that the wet substance inside the building was due to the inclement weather. Appellant's brief at 21. Therefore, it cannot be said that the presence of a puddle of rainwater just inside the door of a busy Pizza Hut on a rainy Saturday evening was unexpected. It was a condition created by inclement weather and everyone should have been aware of its possibility. *See also Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 92 N.E.2d 9 (1950), paragraph two of the syllabus ("Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons."); *Martin v. Giant Eagle, Inc.*, 10th Dist. Franklin No. 13AP-809, 2014-Ohio-2657, ¶ 22-23 (tracked in water "is a condition created by inclement weather and everyone should be aware of the conditions."); *Kohler v. Kohl's Dept. Stores, Inc.*, N.D.Ohio No. 1:18cv468, 2020 WL 6319171, *8 (Sept. 8, 2020) ("Everybody knows that, when people are entering any building when it is snowing, they will carry some snow, ice, and moisture on their feet, which will render the floor near the door on the inside damp to some extent, and everybody knows that a damp floor is likely to be a little more slippery than a dry floor."); *Goblirsch v. El Camino Real Sky, Ltd.*, 6th Dist. Lucas No. L-11-1030, 2011-Ohio-5421, ¶ 14 ("The trial court properly determined that a reasonable

person could expect that walking on concrete during rainy conditions can be slippery, causing someone to slip and fall. The hazard posed was an open and obvious danger."); *Lupica v. Kroger Co.*, 3d Dist. Marion No. 9-91-48, 1992 WL 113962 (May 29, 1992) (water tracked in close to the store's entrance does not give rise to a cause of action against the owner).

{¶ 17} We conclude that there was no genuine issue of material fact that the rainwater just inside the door of the Pizza Hut in which Winston slipped and fell constituted an open and obvious danger. As a result, Pizza Hut did not owe a duty of care to Winston and no liability in negligence is possible as a matter of law. Pizza Hut's motion for summary judgment was properly granted, and Winston's assignment of error is overruled.

### III.	Conclusion

{¶ 18} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Aaron G. Durden
Joseph J. Golian
Aaron M. Jones
Heartland Health and Wellness Fund
Anthony E. Szambecki
Hon. Timothy N. O'Connell